[Sac. No. 308.    Department Two.—March 31, 1905.]

C. SCHINDLER, Appellant, v. GEORGE SCHROTH et al., Respondents.

NEGLIGENCE—OBSTRUCTION OF SIDEWALK—INJURY TO BUSINESS MAN—CONTRIBUTORY NEGLIGENCE—ERRONEOUS INSTRUCTION.—In an action to recover damages for injuries sustained by plaintiff while moving furniture from falling over iron doors standing erect on the sidewalk, and kept open by protecting rods as a means of access to the cellar of the defendant, it was material error to instruct the jury that "if a man is engaged in using the sidewalk in front of another's premises for business purposes or for purposes other than ordinary pedestrianism, it is incumbent on him to use a higher degree of care than is required of him if he is a mere pedestrian, and is simply passing over the sidewalk as such."

ID.—ORDINARY USE OF SIDEWALK—COMMUNICATION WITH STREET.—The use of a sidewalk by the owner of a lot for the purpose of communication with the street is equally as legitimate and equally an ordinary use as that of passing longitudinally along it.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. A. P. Catlin, Judge.

The facts are stated in the opinion.

A. A. De Ligne, and A. J. Bruner, for Appellant.

W. E. Kleinsorge, Albert M. Johnson, and Hiram W. Johnson, for Respondents.

SMITH, C.—This is a suit brought for damages suffered by plaintiff from falling into an opening maintained by defendants in the sidewalk of J Street, in Sacramento. The opening in question was used by defendants for the purpose of communication with their cellar, and was protected at the time of the accident by two iron doors standing erect at the east and west ends of the opening, with connecting rods between them on the north and south sides. The defendants' premises were on the south side of the street, and on the east and adjacent to them are the premises of one Gregory. The plaintiff had come to Gregory's place for the purpose of removing a wardrobe therefrom, and owing to circumstances explained by him had stopped his horse and wagon in front of the dividing-line between the two lots. The wardrobe was of such weight and size that he could move it only by pulling it after him as he walked backward toward the street and from there westward to a point opposite the tail of the wagon; and in thus moving it he fell over the upright door of the opening and was thereby injured. He testifies that when he drove up and tied his horse he did not see the opening or the doors in the sidewalk and did not know of their existence until the accident occurred. The verdict of the jury was for defendant and the appeal is from the judgment thereon entered. On the trial the court, after instructing the jury as to the doctrine of contributory negligence and other matters, further instructed them that "if a man is engaged in using the sidewalk in front of another's premises for business purposes or for purposes other than ordinary pedestrianism, it is incumbent upon him to use a higher degree of care than is required of him if he is a mere pedestrian and he is simply passing over the sidewalk as such."

In this instruction the court distinguishes between the use of sidewalks for "ordinary pedestrianism" and its use for other purposes, and instructs the jury that in the latter case —to avoid the imputation of contributory negligence—"a

higher degree of care" is required than in the former. But we do not think this distinction can be maintained. The use of a sidewalk by the owner of a lot for purposes of communication with the street is equally legitimate, and equally an ordinary use, as that of passing longitudinally along it. (*Clifford* v. *Dam,* 81 N. Y. 52; *McGuire* v. *Spence,* 91 N. Y. 303;[1] Shearman & Redfield on Neglicence, secs. 352 (and note), 375.) The only authority cited by the respondent to support the proposition in the instruction is *Smith* v. *City of Leavenworth,* 15 Kan. 85-86. But in that case, the language of the court is: "The only legitimate use that can be made of a street or sidewalk by any private person is for passing and repassing upon the same." But this would equally include the case of the plaintiff here as that of any other pedestrian; and accordingly the court adds, "a lot owner or any person under him has a right to use any portion of a street in front of his lot in passing to or from his lot," etc. We also think that the error was material.

We advise that the judgment appealed from be reversed, and the cause remanded for a new trial.

Gray, C., and Harrison, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is reversed and the cause remanded for a new trial.        Henshaw, J., Lorigan, J., McFarland, J.