CITY OF SAN ANTONIO V. MARY WILDENSTEIN.

Decided March 11, 1908.

</div>

**1.—Suit by Married Woman.**

A married woman, upon allegation and proof that her husband refuses to join her, may maintain an action for damages for personal injuries to herself without making her husband a party to the suit.

**2.—Pleading—Office of Supplemental Petition—Rule 5.**

A supplemental petition is the proper mode of pleading, under rule 5 for the District Courts, in reply to a plea in abatement by the defendant on the ground of nonjoinder of a party plaintiff.

**3.—Plea in Abatement—Waiver.**

Where a plea in abatement, because of the nonjoinder of parties plaintiff, is not filed by the defendant until five years after the original petition was filed, it should be considered as waived.

**4.—Trial—Filing Trial Amendment—Discretion of Court.**

The refusal of a trial court to grant leave to a defendant to file a trial

amendment after the trial had begun and several witnesses for the plaintiff had been examined, and the granting of which would have necessitated a continuance of the case, is a proper exercise of judicial discretion when it appears that the matters sought to be pleaded could, by the exercise of proper diligence, have been discovered and pleaded before the case was called for trial.

#### 5.—Streets—Sidewalks—Maintenance.

Sidewalks are uniformly regarded as a part of the street, and the duty rests primarily upon the city to exercise ordinary care to maintain them in a reasonably safe condition, and ordinarily an abutting owner is under no duty to the public to keep the sidewalk in front of his premises in repair.

#### 6.—Same—Ignorance of Defects.

One who has no previous knowledge of a defect in a sidewalk cannot be charged with contributory negligence in using the same.

#### 7.—Practice—Exclusion of Evidence.

In order to predicate error upon the refusal of the trial court to instruct the jury not to consider improper evidence, a bill of exception should be reserved to the ruling of the court.

#### 8.—Witness—Impeachment—Collateral Issue.

A witness cannot be impeached on a collateral issue, as, for instance, in the case of married woman, by showing that her first child was conceived out of wedlock.

Appeal from the 57th Judicial District, Bexar County. Tried below before Hon. A. W. Seeligson.

*Joseph Ryan,* for appellant.—Marriage lasts until dissolved by death or divorce (Cervantes v. Cervantes, 76 S. W. Rep., 792). Mere separation, and the husband's refusal to join her, is not sufficient to authorize the wife to alone maintain a suit for damages (Ezell v. Dodson, 60 Texas, 331), nor does the fact that a divorce suit is pending between husband and wife give her that authority (Mitchell v. Wright, 4 Texas, 283). The husband alone is the proper party to bring suit for damages for personal injuries to the wife, they being community property, (Speer on Married Women, sec. 193)—she is neither a necessary or proper party. (Texas Cen. Ry. Co. v. Burnett, 61 Texas, 639; Western U. T. Co. v. Cooper, 71 Texas, 511; Wartelsky v. McGee, 10 Texas Civ. App., 222.) The wife can not sue alone. (Murphy v. Coffey, 33 Texas, 508; Jackson v. Cross, 36 Texas, 193.)

The original petition must be complete in itself and state every issuable fact (art. 1191, Rev. Stat.; National Bank of Jefferson v. Texas Inv. Co., 74 Texas, 434); the rule being that a feme covert can not maintain suit for damages to her person, the disability extends to her person and a plea in abatement is sufficient defence. The office of a supplemental pleading is to reply to the new matter, either in confession or avoidance or in estoppel or by cross-action contained in the last preceding pleading in bar of the adverse party. It is a reply to a pleading in bar, not in abatement. (Towne's Plead., p. 321). A plea in abatement reaches some disability of the plaintiff not apparent on the face of the petition. Plaintiff's cause of action can not be set out in a supplemental pleading—the recovery must be

on the original petition. The pleader must allege that which it is necessary to prove (Marshall v. State, 31 Texas, 474). All facts on which the right of plaintiff to recover is based—one of which in this case is her separation from her husband—must be averred in the petition (Barry v. Screwmen's Assn., 67 Texas, 253).

The discretion of the court to permit amendments to pleadings is not arbitrary and absolute and should be used to attain the ends of justice. Altgelt v. Emilienburg, 64 Texas, 150; Galveston, H. & S. A. Ry. v. Henry, 65 Texas, 689; Winn v. Gilmer, 81 Texas, 347; Houston & G. N. Ry. v. Parker, 50 Texas, 330.

Notice of defect in street or sidewalk to officers, agents or employees of the city not charged with the care thereof, does not constitute notice to the city, and the failure of either such officers or the city to repair the defect, does not show negligence on its part rendering it liable for an injury resulting from such defect. City of San Antonio v. Ball, 66 S. W. Rep., 713; City of Dallas v. Meyers, 55 S. W. Rep., 742; City of Austin v. Colgate, 27 S. W. Rep., 896; Galveston v. Smith, 80 Texas, 69; 2 Dillon, Munic. Corp. (4th ed.), sec. 1025.

*T. J. Newton* and *Will A. Morriss,* for appellee.—It being shown that since long prior to the injury sued for, appellee had been permanently separated from her husband and that he refused to join her in the suit, she had the right to sue alone; and the court correctly overruled appellant's plea of coverture. Bennett v. Gillett, 57 S. W. Rep., 302; Cervantes v. Cervantes, 76 S. W. Rep., 792; Norton v. Davis, 83 Texas, 32; Texas & Pac. Ry. Co. v. Fuller, 13 Texas Civ. App., 151; Houston & T. C. Ry. v. Lockey, 12 Texas Civ. App., 229; Cullers v. James, 66 Texas, 497.

This suit having been filed September 24, 1902, and appellant's plea of coverture of appellee not having been filed until April 1, 1907, said plea came too late. Townes on Texas Pleadings, 356-357; Batts Statut. 1265, sec. 2; Drake v. Brander, 8 Texas, 357.

The undisputed evidence shows that the defect in the sidewalk which caused the injury had existed for such length of time prior to the injury that the appellant through its officers and servants having charge of such matters should have known of such defect. The evidence conclusively showed constructive notice of the defect to the city, hence the refusal of the charge can not be complained of by appellant. City of Palestine v. Hassell, 15 Texas Civ. App., 579; Hall v. City of Fond Du Lac, 42 Wisconsin, 274; City of Cleburne v. Elder, 102 S. W. Rep., 464; Davis v. Town of Guilford, 55 Conn., 357; Logansport v. Justice, 74 Indiana, 385; City of Evansville v. Wilter, 86 Indiana, 420; City of Indianapolis v. Murphy, 91 Ind., 383; Pettengill v. City of Yonkers, 116 N. Y., 563, 15 Am. St. Rep., 634; Montgomery v. Wright, 72 Ala., 411, 47 Am. Rep., 422; Maus v. Springfield, 101 Mo., 614; 20 Am. St. Rep., 634; Tice v. Bay City, 78 Mich., 209; Frankfort v. Coleman, 19 Ind. Ap., 368; City of Griffin v. Johnson, 84 Ga., 279; Moore v. Minneapolis, 19 Minn., 302; see also 15 Am. & Eng. Encyc. of Law, (2nd Ed.), pp. 479-480, and notes.

Notice to a policeman charged with the duty of reporting defects

such as that which caused appellee's injury is notice to the city. City of Dallas v. Meyers, 55 S. W. Rep., 742; Carrington v. St. Louis, 89 Mo., 208, 58 Am. Rep., 108; Looney v. Joliet, 49 Ill. App., 621; Toogood v. New York, 102 N. Y., 218; Goodfellow v. New York, 100 N. Y., 15; Cason v. Ottumwa, 102 Iowa, 99; 71 N. W. Rep., 103; Columbus v. Ogletree, 96 Ga., 177; Cummings v. Hartford, 70 Conn., 115, 38 At. Rep., 918; Farley v. New York, 152 N. Y., 223, 57 Am. St. Rep., 511; Rehberg v. New York, 91 N. Y., 143; McGaffinan v. Boston, 149 Mass., 290; see also 6 Enc. of Evid., p. 484, and notes, A. & E.; 15 Enc. of Law (2nd ed.), p. 478, notes 9 and 10.

NEILL, ASSOCIATE JUSTICE.—This is a suit by the appellee against appellant to recover damages for personal injuries caused by the latter's negligence in failing to keep one of its streets in proper repair; a hole being in its sidewalk, in which plaintiff stepped and was injured.

In her original petition, which was filed September 24, 1902, there is an absence of any allegation to show whether she was married or single when the accident occurred, or at the time the suit was brought. There is also an absence of such an allegation in her first amended original petition, which was filed April 1, 1907.

The defendant's original answer does not appear in the transcript of the record, nor does it show when it was filed. Its first amended original answer was filed April 1, 1907. It, after excepting to plaintiff's petition, contains a plea in abatement, alleging that at the date of plaintiff's alleged injuries and when this suit was instituted she was a feme covert; and that her husband not having been made a party, the suit should be abated. The amended answer also contains a general denial and a plea of contributory negligence.

On the same day plaintiff, in reply to defendant's plea in abatement, filed her first supplemental petition in which, after excepting to defendant's plea in abatement because it was not verified by affidavit, she alleged that when the suit was filed, and long prior thereto, she was living separate and apart from her husband, earning her living as a *feme sole* and that her husband refused to join in the suit; that at the time a suit which had been brought by her against him for a divorce was pending, and that since she had obtained by the suit a decree of divorce from him, and that she is a single woman and entitled to prosecute the suit without her former husband being made a party.

On the day the supplemental petition was filed the defendant filed its first supplemental answer containing the following special exceptions thereto: "(1) That plaintiff can not now obtain leave to prosecute this suit alone, because her right of action is barred by the statute of limitations, if she ever had any such right. (2) That plaintiff can not set the same up in a supplemental petition but the same must be set up in original pleading and petition." It then alleges that plaintiff's husband, Chris Wildenstein, is a necessary party to the suit and should be made a party to determine his interest therein; that therefore, there is a non-joinder of a necessary party. The prayer is that should the exceptions be overruled he be made a

party defendant and his right of recovery, if any he has, be adjudicated.

On April 2, 1907, the defendant filed a trial amendment, in which it alleged that it had no notice of the alleged defect in the sidewalk which was the property of one Piper. and leased by him to the San Antonio Brewing Association, and by such Association to R. Bozzi, and that such parties were responsible for the defect, if any, in the sidewalk, and that if plaintiff suffered any injury, it was caused by their negligence and not by defendant's.

The defendant's exceptions to plaintiff's petition and first supplemental petition were presented to and overruled by the court. The defendant's plea of non-joinder was also submitted to and heard by the court without a jury and overruled and its prayer to make Chris Wildenstein a party defendant was denied. The cause then proceeded to trial before a jury, and after two witnesses had testified for plaintiff and the third was under cross-examination, the court refused defendant leave to file a trial amendment, to which ruling it excepted. The trial proceeded and resulted in a verdict and judgment in favor of the plaintiff for $5,000, from which this appeal is prosecuted.

*Conclusions of Fact.*—The evidence is reasonably sufficient to warrant the jury in finding the following facts: (1) That on July 25, 1902, plaintiff, while walking along the sidewalk on East Commerce Street in the city of San Antonio, stepped into a hole and was thrown to the ground and thereby sustained serious and permanent personal injuries. (2) That the defendant failed to use ordinary care and diligence in maintaining the sidewalk in a condition reasonably safe for the use of the public, and such negligence was the proximate cause of plaintiff's injuries. (3) That if defendant did not actually know of such defect· in the sidewalk, such defect had existed for such a great length of time and was of such character as to charge it as a matter of law, with knowledge thereof and of its danger to pedestrians. (4) That it was at night when defendant stepped into the hole, and it being dark, the sidewalk covered with water and she unaware of the existence of such defect, she was not guilty of any negligence proximately contributing to her injuries. (5) That by reason of the negligence of defendant in allowing such defect in the sidewalk and the injuries proximately caused the plaintiff thereby, she has been damaged in the sum of $5,000.

*Conclusions of Law.*—1. It having been alleged in plaintiff's first supplemental petition that her husband·had abandoned her, and had refused to join her in the suit, she was, upon proof of such allegation, authorized to institute and prosecute the suit without joining him as a party. Bennett v. Gillett, 57 S. W. Rep., 302; Speer on Married Women, sec. 287.

2. Her husband having abandoned her and refused to join in the suit, it follows from our first conclusion of law that the court did not err in denying defendant's motion to dismiss the action, because the husband was not made a party. There was no issue as to plaintiff's coverture when her injuries occurred· and when the suit was in-

stituted, for the allegations in her pleadings, as well as the undisputed evidence, show that she was then covert. Nor was there any question about the facts that when the case was tried her marriage had been dissolved by a decree of divorce and she was a single woman. Besides, it does not appear from the record that defendant requested that the issue of coverture be submitted to the jury; but on the contrary, it shows the matter was disposed of by the court without objection from either party.

3. There was no error in the court's overruling any of the special exceptions, to plaintiff's first supplemental petition. Upon its face the original petition, as well as the first amended one, was good; and the defendant in its first original answer having for the first time pleaded in abatement the non-joinder of her husband, (which should have been considered waived by the long delay in setting it up) it was the proper mode of pleading, as prescribed by rule 5 of the District Court, for plaintiff to reply to it by a supplemental petition. Standifer v. Bond Hardware Co., 94 S. W. Rep., 144.

4. The sixth assignment of error complains that the court erred in refusing to permit defendant to file its trial amendment. It will be seen from our statement of the pleadings of the respective parties that a trial amendment was filed by the defendant on April 2, 1907, but from the judgment it appears that the court refused to permit it to be filed. At the stage of the trial when leave was asked by the defendant to file the trial amendment, we think, instead of the court's abusing its discretion in refusing the request it would have been rather an abuse of its discretion to have granted it. It is apparent that the matters sought to be pleaded by the amendment could have, by the exercise of proper diligence, been discovered and pleaded long before the case was called for trial; and this not having been done, it would have been unjust to the plaintiff, after the trial before the jury had commenced, to have permitted an amendment which would have required the case to be taken from the jury and continued to another term for the purpose of citing new parties, sought to be made by the amendment. However, the trial amendment discloses no facts which would render the owner or the lessees of the abutting property liable for the defect in the sidewalk which caused plaintiff's injury. Sidewalks are uniformly regarded as a part of the street, and the duty primarily is upon the city to exercise ordinary care to maintain them in a reasonably safe condition for the use of the public; and, ordinarily, an abutting owner is under no duty to the public to keep the sidewalk in front of his premises in repair. Abbott, Municipal Corp., sec. 1016.

5. The substance of special charge No. 4, the refusal of which is the basis of the seventh assignment of error, is embraced in the third paragraph of the court's general charge, where the principle of law enunciated is as clearly stated and in a manner as favorable to defendant as in the charge requested.

6. The eighth and ninth assignments of error are directed against the first paragraph of the court's charge, which is as follows:

"If you believe from the evidence that on or about July 25, 1902, while plaintiff was walking along the sidewalk on East Commerce

Street, in the city of San Antonio, Texas, and while so walking she stepped into a hole and was thrown to the ground and thereby sustained any of the injuries alleged in her petition, and you further find that said defendant city failed to use ordinary skill and diligence in maintaining said sidewalk reasonably safe for persons using the same, and that such failure, if any, was negligence, and that such negligence, if any, was the proximate cause of plaintiff's injuries, if any, and if you further find from the evidence that the defendant city knew of the defective condition of said sidewalk, if it was in such condition, or that the defect, if any, in said sidewalk had existed for such length of time prior to the alleged injury, that the defendant city's officers or servants having charge of such matters should, by the exercise of ordinary diligence, have known of its existence, if it did exist, and you further find that the plaintiff was not herself guilty of any negligence which caused or contributed to her injuries, if any, then you will find for the plaintiff." Without repeating the propositions asserted under these assignments, which are merely enunciations of abstract principles of law, it is deemed sufficient to say that the principle involved in each proposition is contained in the paragraph of the charge complained of.

7. Plaintiff being ignorant of the defect in the sidewalk until she sustained the injury in consequence of it, could not have been guilty of contributory negligence in walking on it; and, as she could not have told until she was injured that it would have been safer for her to have taken the street instead of the sidewalk, we cannot perceive that it would have been of any benefit to defendant for her to have been permitted to answer the question: "Now, wouldn't the safer place be to step out into the street and walk over that nice asphalt street?" After she was injured by falling into the hole in the sidewalk, it was evident that it would have been safer, as regards an injury from the defective sidewalk, for her to have taken the street instead. But it would have been of no benefit to the defendant to have her testify to the fact. We, therefore, overrule the tenth assignment of error which complains of the court's sustaining objections of plaintiff's counsel to the question above quoted, asked by defendant's attorney to the plaintiff.

8. It does not appear that defendant excepted to the refusal of the court to exclude the answers of the witness Wayrich to certain questions, which, upon objections of its counsel, were held leading. If the answers were deemed prejudicial to the defendant, in order to predicate error upon the failure of the court to instruct the jury not to consider them, a bill of exceptions should have been reserved to the ruling. However, if a bill of exceptions had been reserved, we would be inclined to hold that the error was harmless, because the answers were such as did not in any way tend to injure the defendant. Therefore the eleventh assignment of error is overruled.

It was a matter of no concern to defendant, who is a municipal corporation, when plaintiff's first child was born. If it had been shown that its birth was *res gestae,* a part of and cotemporaneous with the celebration of the marriage, it would not affect the case; for such an issue was foreign to any issue in it. Therefore the court did

not err in refusing to permit defendant's counsel to prove by plaintiff that her first child was born soon after, within three months of her marriage. We know of no principle of impeaching a married woman on a collateral issue such as the birth of a child, by showing how soon it was born after its mother's marriage. Such evidence might by some be regarded against public policy as tending in the direction of "race suicide."

10. Our conclusions of fact dispose of the propositions under the thirteenth assignment of error which contend the verdict is contrary to the evidence. The court having sustained defendant's exceptions to the remarks of plaintiff's counsel, and he having asked the jury not to consider them; we do not think the judgment should be reversed on account of them. Besides, if the remarks were improper, the record shows that they were made not without provocation.

There is no error in the judgment and it is affirmed.

*Affirmed.*

Writ of error refused.