## ADAMS v. GRAPOTTE.
### No. 1230.

Court of Civil Appeals of Texas. Eastland.
Feb. 16, 1934.

Rehearing Denied March 23, 1934.

T. M. West and Nat L. Hardy, both of San Antonio, for appellant.

Carter & Lewis, Champe G. Carter, Randolph L. Carter, and H. C. Carter, all of San Antonio, for appellee.

HICKMAN, Chief Justice.

The appeal is from a judgment in favor of appellee against appellant for damages for personal injuries. At the time appellee sustained her injuries she was walking along a sidewalk on St. Mary's street in the city of San Antonio, and was caused to fall by stepping into a hole, or depression, about three inches deep in front of a garage which appellant was operating as the tenant of J. M. Nix. Neither the city nor the owner of the building was made a party defendant; the contest being alone between the appellee and the tenant. In some unexplained manner an abrasion was made on the concrete sidewalk before appellant became the tenant of the building and, by the action of cars in passing over it upon entering and departing from his place of business, the hole, or depression, was made deeper during the few months of his occupancy prior to the injury. The jury found that appellant's operation of the garage and use of the drive-in-way in question directly caused or contributed to the hole or depression, and convicted him of negligence in the following particulars: (1) In causing this condition to exist; (2) in permitting this condition to exist; and (3) in failing to have the hole or depression repaired before the accident. In due time, appellant requested the court to peremptorily instruct a verdict in his favor, and the failure of the court to do so is made the basis of the first assignment of error.

The Star Garage, operated by appellant, abutted upon St. Mary's street. In order for customers to enter and depart from the garage, it was necessary for them to drive over the sidewalk. No question is presented that the drive-in-way did not in all respects conform to the requirements of the city, if any it had. Liability was not predicated upon any statute or any ordinance, but solely upon the common law. The theory, as disclosed by appellee's brief, seems to be that appellant was enjoying some kind of special privilege in the sidewalk by using same as an integral part of his business, for which reason the duty devolved upon him, as the proprietor of the business, to keep the sidewalk in repair. There is not found in the record any evidence whatever that appellant conducted any business on the sidewalk; that he, by any affirmative act, or otherwise, made this depression therein, or caused the one existing when he became the tenant to be made deeper, but only that his customers caused same to be made deeper by driving their automobiles over it.

It would scarcely seem necessary to cite authorities in support of the proposition that sidewalks are a part of the street, that the duty to exercise ordinary care to maintain them in a reasonably safe condition for the use of the public rests upon the city, and that an abutting owner owes no duty in that regard. City of San Antonio v. Wildenstein, 49 Tex. Civ. App. 514, 109 S. W. 231; Werner v. Trout (Tex. Civ. App.) 2 S.W.(2d) 525; Breen v. Johnson Bros. Drug Co., 297 Mo. 176, 248 S. W. 970; Elliott on Roads & Streets (4th Ed.) § 898. Appellee recognizes this doc-

trine to be sound. She does not contend that the sidewalk was private property, but alleged in the petition upon which she went to trial that "said sidewalk in the place where plaintiff fell was a much used public thoroughfare." She is not suing the owner of the building, thereby impliedly recognizing that no liability exists against him by virtue of his ownership. She seeks to hold the tenant liable on the ground that he contributed to this condition by inviting his customers to use the drive-in-way over the sidewalk. Her theory is based essentially upon the assumption that appellant was making a wrongful use of a portion of the public thoroughfare. Is the assumption correct? We think not. Access to a public highway is an incident to the ownership of land abutting thereon, and the right to such access is private property passing to the lessee. That right cannot be taken for public purposes or destroyed without adequate compensation being made therefor. Const. art. 1, § 17; Gulf, C. & S. F. Ry. v. Allbright, 7 Tex. Civ. App. 21, 26 S. W. 250; McCammon & Lang Lumber Co. v. T. & B. V. Ry. Co., 104 Tex. 8, 133 S. W. 247, 36 L. R. A. (N. S.) 662, Ann. Cas. 1913E, 870; Anzalone v. Metropolitan District Commission, 257 Mass. 32, 153 N. E. 325, 47 A. L. R. 897, and the annotation following same; 13 R. C. L. p. 142 et seq., § 125; 44 C. J. § 3711, p. 943, et seq. This right of access extends to the invitees of the owner and lessee. 44 C. J. 945. It is true that sidewalks are built primarily for pedestrians, and not for vehicular traffic, but it does not follow that vehicles have not the same right to pass over them as a means of access to places of business abutting thereon that pedestrians have to walk longitudinally upon them. In the case of Schindler v. Schroth, 146 Cal. 433, 80 P. 624, 625, 2 Ann. Cas. 670, the opinion by the Supreme Court of California states: "The use of a sidewalk by the owner of a lot for purposes of communication with the street is equally legitimate, and equally an ordinary use, as that of passing longitudinally along it."

The liability of appellant is not different from that which would have existed had appellee been injured by a depression, not in the sidewalk, but in the street. In the case of Noonan v. City of Stillwater, 33 Minn. 198, 22 N. W. 444, 53 Am. Rep. 23, there was involved the question of the constitutionality of a city charter making abutting owners liable to all persons injured by their failure to keep sidewalks in repair and safe for traveling. In holding same unconstitutional, the court employed the following language: "Can the legislature make it the duty of lot-owners in cities to construct and keep in repair so much of the street to the center of it as lies in front of the lots, and upon their failure so to do make them liable, not to the city, but to any one of the public who may be injured in consequence of the neglect to construct or keep in repair? Some cases attempt to make a distinction between the sidewalk and the remainder of the street in respect to the method of laying the burden of constructing and maintaining the same. But there is no basis for such a distinction. The sidewalk and the remainder of the street are equally for public use,—the rights of the public are the same in each. The rights as far as the center of the street, of the owner of an abutting lot, are the same in each. That one is reserved for passers on foot, and the other is for the use of vehicles, is only a regulation of the public use for the public good, the public authorities determining how much shall be reserved for sidewalk. The improvement of one is just as much a public improvement, and must have the public need to justify it to the same extent, as the improvement of the other; therefore, if the provisions of this charter as to sidewalks are valid, the legislature may extend them over the remainder of the street,—certainly, to the center."

█ In its last analysis, the judgment in the instant case can be upheld alone upon the ground that it is the duty of abutting owners, and likewise of their lessees, to repair the public thoroughfares adjoining their premises. That duty does not exist, but rests exclusively on the municipality, and where there is no duty there can be no negligence.

Appellee relies upon Kampmann v. Rothwell, 101 Tex. 535, 109 S. W. 1089, 17 L. R. A. (N. S.) 758, and other cases involving similar facts. The distinction between that line of cases and the instant one, it seems to us, is readily apparent. Appellant did not use the sidewalk as a place to carry on his business and did not, as in the Kampmann Case, create any dangerous condition thereon. His customers, who created or added to the danger of the condition, were as much a part of the traveling public when crossing the sidewalk as when they were driving in the street approaching it. The peremptory instruction should have been given.

We can see no reason for remanding this cause for another trial. The case presents only a question of substantive law, and there

is no indication that the facts were not fully developed upon the trial. It is accordingly our order that the judgment of the trial court be reversed, and that judgment be here rendered that appellee take nothing by her suit.