328 

CITY OF SAN ANTONIO, Appellant,

v.

PIGEONHOLE PARKING OF TEXAS,
Inc., Appellee.

No. 13117.

Court of Civil Appeals of Texas.

San Antonio.

March 6, 1957.

Rehearing Denied April 3, 1957.

Carlos C. Cadena, City Atty., A. W. Worthy, Jr., Asst. City Atty., San Antonio, for appellant.

Rosson & McGown, Harvey L. Hardy, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by Pigeonhole Parking of Texas, Inc., against the City of San Antonio, seeking the issuance of a writ of mandamus requiring the city to issue it a permit to make a curb cut and construct a driveway for egress and ingress of motor vehicles from its lot to West Houston Street.

██ Plaintiff is the owner of a lot that abuts both Soledad and West Houston Streets. It has built on this lot a so-called pigeonhole parking garage for automobiles, at great expense. Plaintiff formally applied to the city for a permit to cut the curb and construct a driveway on the Soledad side of its lot. This permit was granted and plaintiff now has a driveway on that street which is about eighty-nine feet in width.

Thereafter, on January 23, 1956, plaintiff applied to the city for a permit to cut the curb and construct a driveway from West Houston Street to its lot and garage. This permit was denied and plaintiff filed suit in the district court and was granted a writ of mandamus as prayed for, from which judgment the city has prosecuted this appeal.

Before the writ of mandamus was granted the city passed an ordinance prohibiting the granting of any additional curb cuts on Houston and Commerce Streets between Alamo Street and Main Avenue. This

ordinance covered that part of West Houston Street abutted by appellee's lot on which its pigeonhole garage stands. The ordinance was actually passed before appellee filed its suit, but inasmuch as appellee delayed filing its suit at the suggestion of the city attorney it was stipulated that the suit should be regarded as filed before the ordinance was passed. Appellee's first counterpoint is:

"Appellee's right of access as an abutter is a property right and appellant's ordinance flatly prohibiting the issuance of permits which would make such access possible is an unconstitutional taking of said property right."

We sustain this contention. In Ádams v. Grapotte, Tex.Civ.App., 69 S.W.2d 460, 462, Chief Justice Hickman had this to say:

"Access to a public highway is an incident to the ownership of land abutting thereon, and the right to such access is private property passing to the lessee. That right cannot be taken for public purposes or destroyed without adequate compensation being made therefor. * * * [Citing authorities] This right of access extends to the invitees of the owner and lessee. 44 C.J. 945. It is true that sidewalks are built primarily for pedestrians, and not for vehicular traffic, but it does not follow that vehicles have not the same right to pass over them as a means of access to places of business abutting thereon that pedestrians have to walk longitudinally upon them. In the case of Schindler v. Schroth, 146 Cal. 433, 80 P. 624, 625, 2 Ann.Cas. 670, the opinion by the Supreme Court of California states: 'The use of a sidewalk by the owner of a lot for purposes of communication with the street is equally legitimate, and equally an ordinary use, as that of passing longitudinally along it.'"

The right of an owner of an abutting lot to cut the sidewalk and build a driveway across same for the passage of vehicles is almost universally recognized throughout the United States. 25 Am.Jur. 448, § 154; State ex rel. Gebelin v. Department of Highways, 200 La. 409, 8 So.2d 71; Anzalone v. Metropolitan Dist. Comm., 257 Mass. 32, 153 N.E. 325, 47 A.L.R. 897; Newman v. Mayor of City of Newport, 73 R.I. 385, 57 A.2d 173; Brownlow v. O'Donoghue Bros., Inc., 51 App.D.C. 114, 276 F. 636, 22 A.L.R. 939.

The city may pass ordinances for the purpose of regulating the cutting of sidewalks and building driveways across the same, but it may not arbitrarily deny to abutting property owners such right. If such right is prohibited entirely it amounts to the taking of property, and that can only be done by due process of law and the payment of just compensation. Annotations: 22 A.L.R. 942; 66 A.L.R. 1052; 39 C.J.S., Highways, § 141; 64 C.J.S., Municipal Corporations, § 1703, p. 99. The right to regulate is not the right to prohibit. Anzalone v. Metropolitan Dist. Comm., 257 Mass. 32, 153 N.E. 325, 47 A.L.R. 897.

At the time appellee applied for permission to cut the curb and construct a driveway from its abutting property to the traveled portion of West Houston Street, the Code of the City of San Antonio relating thereto read as follows:

"Sec. 52–162. Permit required to excavate.

"It shall be unlawful for any person, his agents, servants or employees to dig, plow, blast or make cuts, openings or excavations for any purpose in any street, plaza, sidewalk or other public place in the city without first having made application and obtained a permit therefor. (7–11–18, Bk.F. p. 328.)"

"Sec. 52–170. Issuance of permit.

"Every person making application for a permit in accordance with the provisions of this article, and having complied with such provisions shall be entitled thereto, and, upon filing such

**330**

application with the city engineer, it shall be his duty to issue such permit, when the provisions of this article shall have been complied with. (7–11–18, Bk.F. p. 328.)"

It is clear that under these ordinances, when a proper application was filed and the Code complied with, the city engineer had the ministerial duty to issue the permit. He had no authority to deny it.

On February 23, 1956, Ordinance Number 22395 was enacted, reading as follows:

"No permit shall be issued for construction of any curb cut or driveway leading on to those portions of Commerce and Houston Street which lie between Main Avenue and Alamo Street."

This ordinance was void and of no effect, because it undertook to deprive abutting property owners along the streets named therein of a valuable property right, to-wit, the right of vehicular access to the street by an abutting property owner without due process of law and without just compensation. City of Fort Worth v. Howerton, 149 Tex. 614, 236 S.W.2d 615. In the recent case of State, By and Through State Highway Commission v. Burk, 200 Or. 211, 265 P.2d 783, 792, the Court said:

"Reduced to its simplest terms, our problem is to determine at what point we should hold that the police power ends and the power of eminent domain begins. * * * [Citing authorities.] Private rights relative to highways may be regulated in many ways under the police power, and that without compensation. If the action of the state amounts to a 'taking', then the principles based upon the constitution control and the state must proceed by condemnation."

Ordinance No. 22395 being void, appellee was entitled to the permit for which it applied under the valid ordinance which the city has upon the subject. Moore v.

Commissioners Court of McCulloch County, Tex.Civ.App., 239 S.W.2d 119.

The trial court properly granted appellee's petition for a writ of mandamus, and accordingly the judgment will be in all things affirmed.