ACCEPTED
04-14-00899-cv
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
4/30/2015 4:51:46 PM
KEITH HOTTLE
CLERK

# NO. 04-14-00899-CV

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
4/30/2015 4:51:46 PM
KEITH E. HOTTLE
Clerk

## IN THE COURT OF APPEALS
## FOURTH JUDICIAL DISTRICT OF TEXAS
## SAN ANTONIO, TEXAS

LETICIA ZEPEDA VASQUEZ, Individually and on Behalf of the Estate of
Jose Abraham Vasquez, Jr.,
*Appellant,*

v.

LEGEND NATURAL GAS III, LP; LEGEND NATURAL GAS, LLC;
LEWIS ENERGY GROUP, LP, LEWIS PETRO PROPERTIES, INC.,
ROSETTA RESOURCES OPERATING, LP, VIRTEX HOLDINGS, LLP,
VIRATEX OPERATING CO., INC., ENTERPRISE PRODUCTS HOLDINGS, LLC;
ENTERPRISE PRODUCTS COMPANY; and XTO ENERGY, INC.,
*Appellees*

# BRIEF OF APPELLEES LEGEND NATURAL GAS III, LP AND LEGEND NATURAL GAS, LLC

Appealed from the 81st District Court of La Salle County, Texas
Trial Court Cause No. 14-07-009-CVL

Isaac J. Huron, State Bar No. 24032447
Ramon R. Rodriguez, State Bar No. 24088319

**dc&m | Davis, Cedillo & Mendoza, INC.**
ATTORNEYS AT LAW

McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas  78212
Tel:  (210) 822-6666
Fax: (210) 822-1151
e-mail: ihuron@lawdcm.com
        rrodriguez@lawdcm.com

# IDENTITY OF PARTIES AND COUNSEL

| | |
|---|---|
| **Appellants:** | **Leticia Zepeda Vasquez** |
| **Appellant's Counsel:** | Jeffrey L. Dorrell |
| | H. Mark Burck |
| | Daniel Dutko |
| | HANZEN LAPORTE, LLP |
| | 11767 Katy Freeway, Suite 850 |
| | Houston, Texas 77079 |
| | Tel: (713) 522-9444 |
| | Fax: (713) 524-2580 |
| | jdorrell@hanszenlaporte.com |
| | mburck@hanszenlaporte.com |
| | ddutko@hanszenlaporte.com |
| | |
| **Appellees and Counsel:** | **Legend Natural Gas III, LP and Legend Natural Gas, LLC** |
| | Isaac J. Huron |
| | Ramon Rodriguez |
| | DAVIS, CEDILLO & MENDOZA, INC. |
| | McCombs Plaza, Suite 500 |
| | 755 E. Mulberry Avenue |
| | San Antonio, Texas 78212 |
| | Tel: (210) 822-6666 |
| | Fax: (210) 822-1151 |
| | ihuron@lawdcm.com |
| | rrodriguez@lawdcm.com |

**Virtex Holdings, LP and**
**Virtex Operating Co., Inc.**

Christopher Lowrance
Brian C. Miller
Karol S. Furmaga
ROYSTON RAYZOR VICKERY & WILLIAMS
802 N. Carancahua, Suite 1300
Corpus Christi, Texas 78401
Tel: (361) 884-8808
Fax: (361) 884-7261
chris.lowrance@roystonlaw.com
brian.miller@roystonlaw.com
karol.furmaga@roystonlaw.com


**XTO Energy, Inc.**

Jose E. Garcia
Francisco R. Villarreal
GARCIA & VILLARREAL PLLC
4311 N. McColl Road
McAllen, Texas 78504
Tel: (956) 630-0081
Fax: (956) 630-3631
jeg@gvlaw.net
panchov@gvlaw.com


**Rosetta Resources Operating, LP**

William A. Abernethy
DONNELL ABERNETHY & KIESCHNICK
555 N. Carancahua, Suite 1770
Corpus Christi, Texas 78401
Tel: (361) 888-5551
Fax: (361) 880-5618
babernethy@dakpc.com

**Enterprise Products Holdings, LLC and Enterprise Products Company**

J. Joseph Vale
E. Michael Rodriguez
Erin A. Hudson
ATLAS HALL & RODRIGUEZ
818 Pecan (P.O. Box 3725)
McAllen, Texas 78501
Tel: (956) 682-5501
Fax: (956) 686-6109
jvale@atlashall.com
mrodiguez@atlashall.com
ehudson@atlashall.com


**Lewis Energy Group, LP and Lewis Petro Properties, Inc.**

David L. Ortega
James M. "Jamie" Parker, Jr.
NAMAN HOWELL SMITH & LEE, PLLC
Union Square II
10001 Reunion Place, Suite 600
San Antonio, Texas 78216
Tel: (210) 731-6300
Fax: (210) 785-2953
dortega@namanhowell.com
jparker@namanhowell.com

**<u>RECORD REFERENCES</u>**

Appellees, Legend Natural Gas III, LP and Legend Natural Gas, LLC, will refer to the Clerk's Record as "(CR ___)" and the Clerk's Supplemental Record as "(CSR ___)".

# TABLE OF CONTENTS

*Page*

IDENTITY OF PARTIES AND COUNSEL ........................................................ ii

RECORD REFERENCES .............................................................................v

TABLE OF CONTENTS................................................................... vi

INDEX OF AUTHORITIES ........................................................... vii

STATEMENT REGARDING ORAL ARGUMENT ........................................... viii

STATEMENT OF FACTS ...............................................................................1

SUMMARY OF THE ARGUMENT ......................................................................3

ARGUMENT AND AUTHORITIES.......................................................................4

    1. The Duty to Maintain the Public Roadways Rests with State and Local Government. .......................................................................................4

    2. Appellant's Factual Allegations are Legally Insufficient...............................7

    3. Appellant Is Not Entitled to Another Opportunity to Amnend Her Pleadings ...................................................................................................11

CONCLUSION & PRAYER..................................................................13

CERTIFICATE OF COMPLIANCE...................................................................14

CERTIFICATE OF SERVICE .................................................................15

# INDEX OF AUTHORITIES

**Cases**                                                      **Page**

*Adams v. Grapotte*,
69 S.W.2d 460 (Tex. Civ. App. 1934) *aff'd,* 130 Tex. 587,
111 S.W.2d 690 (1938) ................................................................. 4, 5, 6, 7

*Ashcroft v. Iqbal*,
556 U.S. 662, 678 (2009) ................................................................. 8, 10

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544, 570 (2007) ................................................................. 8, 10

*Buchanan v. Rose,*
159 S.W.2d 109, 110 (1942) .......................................................... 4, 5, 6, 10

*Cassidy v. TeamHealth Inc.*,
No. 01-08-324-CV, 2009 WL 2231217, *7 (Tex. App. – Houston [1st Dist.]
July 23, 2009, pet. den.) ................................................................. 11

*Caterpillar, Inc. v. Shears*,
911 S.W.2d 379, 382 (Tex. 1995) .................................................... 11

*GoDaddy.com, LLC v. Toups*,
429 S.W.3d 752, 754 ...................................................................... 8

*Grapotte v. Adams*,
130 Tex. 587 (1938) ....................................................................... 10

*Haddix v. Am. Zurich Ins. Co.*,
253 S.W.3d 339, 347 (Tex. App. – Eastland 2008, no pet.) ............ 11, 12

*Nabors Drilling, U.S.A., INC. v. Escoto*,
288 S.W.3d 401, 413 (Tex. 2009) ................................................... 11

*Tara Partners, Ltd. v. City of South Houston*,
282 S.W.3d 564, 570 (Tex.App.—Houston (14th Dist.) 2009, pet. denied) ..... 11, 12

*Wooly v. Schaffer*,
447 S.W.3d 71, 75 (Tex.App.—Houston [14th Dist.], no pet. 2014) ........ 8

## STATEMENT REGARDING ORAL ARGUMENT

Appellees, Legend Natural Gas III, LP and Legend Natural Gas, LLC, believe that the issues in this case can be decided without oral argument, but would request argument time if oral argument is granted to Appellant.

**STATEMENT OF FACTS**

Appellant, Leticia Zepeda Vasquez ("Appellant"), filed suit against Appellees Legend Natural Gas III, LP; Legend Natural Gas, LLC; Lewis Energy Group, LP; Lewis Petro Properties, Inc.; Rosetta Resources Operating, LP; Virtex Holdings, LLP; Virtex Operating Company, Inc.; Enterprise Products Holdings, LLC; Enterprise Products Company; and XTO Energy, Inc. (collectively "defendants") for the negligence and gross negligence, which, allegedly, caused the death of her late husband, Jose Vasquez. (CR 079). Mr. Vasquez died in a vehicular accident that took place on Krueger Road in La Salle County, Texas on August 4, 2012. (CR 082). Appellant claims that the defendants' negligence caused Mr. Vasquez's death by operating their trucks on Krueger Road at high rates of speed and possibly overweight, thereby damaging the public roadway. (CR 082-084). More specifically, Appellant maintains Mr. Vasquez confronted a dust cloud as he drove on Krueger Road which proximately caused him to drive off the road and be killed. (CR 084).

Legend Natural Gas III, LP and Legend Natural Gas, LLC ("Appellee" herein) filed a Rule 91a Motion to Dismiss Appellant's causes of action as baseless. (CR 062-068). On September 18, 2014, the Honorable Judge Stella Saxton granted Appellee's motion to dismiss. (CR 074). Subsequently, on November 20, 2014, Judge Saxton granted all defendants' motions to dismiss

1

under Rule 91a. (CR 147). Appellant filed her notice appeal shortly thereafter. (CR 159). Appellant never requested leave to amend her pleadings after defendant's motions to dismiss were granted.

## SUMMARY OF THE ARGUMENT

The issue presented in this case has been addressed on two occasions by the Texas Supreme Court. In each instance, the Court found that a defendant who lawfully operates his vehicle on a public roadway cannot be held liable for the damages that result from the deterioration of the roadway. Appellant's pleadings fail to state a claim that is supported in law or fact, because Appellee owed no duty to Appellant to maintain the public roadway. Moreover, Appellant's factual allegations are legally insufficient to support an inference that Appellee operated its vehicles on the road unlawfully, and conclusory statements of law do not satisfy the Appellant's burden of stating a cause of action for which relief can be granted. Finally, Appellant waived her opportunity to amend her pleadings by failing to request such relief from the trial court.

## ARGUMENT AND AUTHORITIES

Perhaps most telling is the fact that Appellant wholly fails to identify a single case that stands for the proposition that she advances. Imposing a duty upon Defendants in this case runs afoul of well-established Texas jurisprudence, and would impose a duty where none exists. The duty of maintaining public roads rests with the state and local government.

The issue raised by Appellant has been addressed by the highest court of this state in two analogous cases, one which is thoroughly cited by Appellant. In each instance, the Supreme Court held that the imposition of a duty upon a defendant who lawfully operates a vehicle on a public roadway—such as Appellee herein— would render "the use of the highways too hazardous from the standpoint of public liability." *Buchanan v. Rose*, 159 S.W.2d 109, 110 (1942). Because Appellant's pleadings do not set forth legally sufficient facts to establish that Appellee's operated their vehicles along the roadway in question in an unlawful manner, there is no basis to depart from well-settled Texas jurisprudence.

1. **The Duty to Maintain the Public Roadways Rests With State and Local Government.**

The *Buchanan* and *Adams v. Grapotte*, 69 S.W.2d 460 (Tex. Civ. App. 1934) *aff'd,* 130 Tex. 587, 111 S.W.2d 690 (1938) courts addressed the issue raised by Appellant, and in each case the court found that the lawful user of the road

4

owed no duty to maintain or repair road. In fact, the *Adams* court went one step further, and acknowledged that the duty to repair the public roadways rests exclusively with the government. *Adams*, 69 S.W.2d at 432 ("In its last analysis, the judgment in the instant case can be upheld alone upon the ground that it is the duty of abutting owners, and likewise of their lessees, to repair the public thoroughfares adjoining their premises. That duty does not exist, but rests exclusively on the municipality, and where there is no duty there can be no negligence."). To impose such a duty upon private individuals to maintain public roadways would disserve the constituents and the jurisprudence of the state. *Buchanan*, 159 S.W.2d at 110 ("It would be carrying the matter too far to say that one must give notice of every known defect in a road naturally resulting from his normal and legitimate use thereof. ").

In *Buchanan*, the court was tasked with determining whether a driver "who drives over a bridge on a public road and thereafter discovers that such bridge, because of its defective condition, has broken down under the weight of his vehicle, without negligence on his part, is under any duty to give warning so as to prevent other travelers from being injured as a result of the broken bridge." *Id.* at 109. The defendant in *Buchanan* was driving his truck down a public roadway, and, as he crossed over a bridge, the bridge gave way and pressed down at one end below the embankment creating a dangerous condition. *Id.* The defendant refused

5

to do anything about it when he was confronted by another driver about the condition of the bridge. *Id.* Thereafter, Mrs. Buchanan was injured when her and her husband drove onto the bridge. *Id.* The court ultimately held that a non-negligent user of the roadway is under no duty to warn others of the dangerous conditions created by his lawful use of the roadway. *Id.* To hold otherwise "would make the use of the highways too hazardous from the standpoint of public liability." *Id.* at 110. *Buchanan* address the issue of whether Appellee was under a duty to warn Appellant of the alleged dangerous condition created by their lawful use. The next critical question is, did Appellee owe Appellant a duty to repair the road?

This issue was decided by this state's highest court in 1938. Adams sought recovery from Grapotte for injuries sustained as the result of her stepping into a hole or depression in the sidewalk in front of Grapotte's garage business. *Adams*, 69 S.W.2d at 461. Her theory against Grapotte was that his invitation to his customers to drive over the sidewalk to enter his garage had caused the depression, and ultimately her injuries. *Id.* The theory seemed "to be that appellant was enjoying some kind of special privilege in the sidewalk by using same as an integral part of his business, for which reason the duty devolved upon him, as the proprietor of the business, to keep the sidewalk in repair." *Id.* Recognizing that the duty to maintain the sidewalk, much like the public roadways, rests with the

6

government, the court found that there could be no negligence where no duty existed. *Id.* at 462 ("She seeks to hold the tenant liable on the ground that he contributed to this condition by inviting his customers to use the drive-in-way over the sidewalk. Her theory is based essentially upon the assumption that appellant was making a wrongful use of a portion of the public thoroughfare. Is the assumption correct? We think not."). Unless there are facts that warrant a departure from this general rule—that the duty to repair rests with the county—there is no basis for holding a defendant liable for his use of a public roadway.

The facts of this case **do not** warrant a departure from this well-settled law, and the Appellant's conclusory statements of law and scant factual allegations cannot support a finding that the Appellee was negligent in this instance.

## 2. Appellant's Factual Allegations are Legally Insufficient.

A dismissal under Rule 91a is a question of law, which this Court reviews *de novo.* The few Texas appellate courts that have reviewed decisions under new Rule 91a have all held that the factual allegations contained in the pleadings must be reviewed in the light most favorable to the plaintiffs. In other words, the allegations, and the reasonable inferences that can be drawn from them, must be taken as true. "In that context, [courts] construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine if the pleader has alleged facts that affirmatively

7

demonstrate" that plaintiff has stated a cause of action for which relief can be granted. *Wooly v. Schaffer*, 447 S.W.3d 71, 75 (Tex.App.—Houston [14th Dist.], no pet. 2014). This analysis is similar to that of an analysis for legally sufficiency. *Id.*

And while factual allegations must be taken as true, the factual allegations, much like a federal court's analysis under Rule 12 (b)(6), must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 76 (quoting *GoDaddy.com, LLC v. Toups*, 429 S.W.3d 752, 754 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). In essence, the plaintiff's complaint is liberally construed in her favor, and her *well-pleaded* facts are taken as true. *GoDaddy*, 429 S.W.3d at 754 (emphasis added). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In addition, courts "may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 567).

Appellant suggests in her brief that she pleaded, *inter alia*, the following facts: (1) some of defendants' trucks traveled at unsafe speed; (2) some of defendants' trucks travelled recklessly, and; (3) some of defendants' trucks were

8

overweight. Appellant's Brief at Pg. 8. However, a more careful review of the Appellant's pleadings suggests otherwise. Factual allegations, other than conclusory statements that defendants were negligent or reckless, regarding the Appellee's use of the road do not appear in Appellant's live petition until page 5, wherein she states that "[d]efendant's drivers continually drive down Krueger Road at a high rate of speed, operate heavy and maybe overweight vehicles on Krueger Road, and operate vehicles that Defendants knew Krueger Road could not handle." (CR 083). She states the same factual allegations once more with a slight variation, stating later that the defendant's vehicles were "possibly overweight," instead of maybe overweight. (CR 085). She further alleges that the Lewis Energy truck that was travelling in front of the deceased was doing so at a high rate of speed and was driven recklessly, according to an eye witness. (CR 084).

Appellant's conclusory statements regarding Appellee's negligence or recklessness should not be considered in this Court's analysis. Such statements are conclusions of law that are unsupported by the facts pleaded by Appellant. The only factual allegations made by Appellant are that the Appellee's trucks were driven at a high rate of speed and were possibly overweight. She does not state the trucks were driven at an unlawful rate speed, nor does she identify any correlation or causal connection between the rate of speed at which a truck is driven and road deterioration. Her claim that the trucks were, "might" have or "possibly" could

9

have been overweight, even if accepted as true, does not support an inference that the Appellee, or any of the other defendants, operated their vehicles in a negligent manner. As previously stated, this Court "may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 567). Therefore, this Court can infer from Appellant's suggestions that the trucks were not overweight and were operated in a lawful manner. When a defendant does no more than use the public roadways lawfully, liability cannot attach for injuries that result from the deterioration of the same. *See Buchanan v. Rose*, 159 S.W.2d 109, 110 (1942); *see also Grapotte v. Adams*, 130 Tex. 587 (1938).

Moreover, Appellant has not plead facts demonstrating that the alleged overuse of the road created a dangerous condition beyond what users of any unmaintained road might anticipate. In this instance, Appellant maintains that Mr. Vasquez was confronted with a dust cloud while driving down Krueger Road, which proximately caused his accident. (CR 082 and 084). A dust cloud on any unmaintained road is not a dangerous condition that one would not anticipate and is rather a condition that any driver might expect to encounter when traveling upon an unmaintained road. Being such an obvious condition, there is no duty to warn on the part of defendants, or any other driver travelling down Krueger Road.

10

*Cf.*, *Nabors Drilling, U.S.A., INC. v. Escoto*, 288 S.W.3d 401, 413 (Tex. 2009) (holding that "because the risk associated with driving while fatigued is common knowledge . . . no duty to train employees about those risks"); *Caterpillar, Inc. v. Shears*, 911 S.W.2d 379, 382 (Tex. 1995) (holding that there is no duty to warn of "obvious risks" that are common knowledge).

## 3. Appellant Is Not Entitled to Another Opportunity to Amend Her Pleadings.

Even where the pleadings are insufficient, a plaintiff is not necessarily entitled to an opportunity to amend. *Tara Partners, Ltd. v. City of South Houston*, 282 S.W.3d 564, 570 (Tex.App.—Houston (14th Dist.) 2009, pet. denied); *see also id.* at 578. "Although the general rule reflects a preference for allowing amendment, a plaintiff may forfeit this opportunity through inaction." *Id*. at 578.

"By failing to seek permission to amend after the trial court found the [defendants'] plea[s] meritorious, [Appellant] forfeited the opportunity to amend while this case was pending in the trial court." *Tara*, at 578 (emph. added). Once the trial court ordered dismissal, Appellant had an obligation to "seek or request an opportunity for another amendment to their petition." *Id*.; see also *Haddix v. Am. Zurich Ins. Co*., 253 S.W.3d 339, 347 (Tex. App. – Eastland 2008, no pet.) (similar statement). Appellant also had an obligation to "present the trial court with any proposed amendments." *Cassidy v. TeamHealth Inc*., No. 01-08-324-CV, 2009

11

WL 2231217, *7 (Tex. App. – Houston [1st Dist.] July 23, 2009, pet. den.); *see also Haddix*, at 347. Even if Appellant had objected to the dismissal orders or made a motion for new trial (neither of which she did), she still had to affirmatively seek leave to amend and tender a proposed amendment to preserve any right to complain that an opportunity to amend was erroneously denied. *Haddix*, at 347 (objection and motion for new trial insufficient to preserve alleged error).

Appellant made no such argument after dismissal in the trial court and thereby forfeited the opportunity to make any such argument on appeal. *See, e.g., Tara*, at 578; *Haddix*, at 347. Even if Appellant had preserved the argument, an appellate court may not remand a case to the trial court merely on speculation that an amendment may cure a defect. *Haddix*, at 347.

In this instance, given Appellant's failure to seek relief in the trial court, she has waived any opportunity to now seek such relief.

## CONCLUSION & PRAYER

Accordingly, Appellees, Legend Natural Gas III, LP and Legend Natural Gas, LLC, pray that this court affirm the judgment of the trial court.

Respectfully submitted,

**dc&m** | Davis, Cedillo & Mendoza, INC.
ATTORNEYS AT LAW

McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas  78212
Tel:  (210) 822-6666
Fax:  (210) 822-1151

By: /s/ *Isaac J. Huron*
    Isaac J. Huron
    State Bar No. 24032447
    Ramon Rodriguez
    State Bar No. 24088319
    ihuron@lawdcm.com
    rrodriguez@lawdcm.com

ATTORNEYS FOR APPELLEES
LEGEND NATURAL GAS III, LP AND
LEGEND NATURAL GAS, LLC

13

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief is in compliance with the rules governing the length and font requirements for briefs prepared by electronic means. The brief was prepared using Microsoft Word 2010. According to the software used to prepare this brief, the total word count, including footnotes, but not including those sections excluded by rule, is 2,307. The "Times New Roman" font is used in this brief, with 14 pt. font for the body of the brief, and 12 pt. font for footnotes.

/s/ *Isaac J. Huron*
Isaac J. Huron

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded on this 30th day of April, 2015, via the electronic service system provided through Texas.gov and via e-mail to Appellant's counsel and all other Appellees' counsel in this matter:

Jeffrey L. Dorrell
H. Mark Burck
Daniel Dutko
HANZEN LAPORTE, LLP
11767 Katy Freeway, Suite 850
Houston, Texas 77079
Tel: (713) 522-9444
Fax: (713) 524-2580
jdorrell@hanszenlaporte.com
mburck@hanszenlaporte.com
ddutko@hanszenlaporte.com
**Counsel for Appellant**

Christopher Lowrance
Brian C. Miller
Karol S. Furmaga
ROYSTON RAYZOR VICKERY & WILLIAMS
802 N. Carancahua, Suite 1300
Corpus Christi, Texas 78401
Tel: (361) 884-8808
Fax: (361) 884-7261
chris.lowrance@roystonlaw.com
brian.miller@roystonlaw.com
karol.furmaga@roystonlaw.com
**Counsel for Virtex Holdings, LP and**
**Virtex Operating Co., Inc.**

Jose E. Garcia
Francisco R. Villarreal
GARCIA & VILLARREAL PLLC
4311 N. McColl Road
McAllen, Texas 78504
Tel: (956) 630-0081
Fax: (956) 630-3631
jeg@gvlaw.net
panchov@gvlaw.com
**Counsel for XTO Energy, Inc.**


William A. Abernethy
DONNELL ABERNETHY & KIESCHNICK
555 N. Carancahua, Suite 1770
Corpus Christi, Texas 78401
Tel: (361) 888-5551
Fax: (361) 880-5618
babernethy@dakpc.com
**Counsel for Rosetta Resources Operating, LP**


J. Joseph Vale
E. Michael Rodriguez
Erin A. Hudson
ATLAS HALL & RODRIGUEZ
818 Pecan (P.O. Box 3725)
McAllen, Texas 78501
Tel: (956) 682-5501
Fax: (956) 686-6109
jvale@atlashall.com
mrodiguez@atlashall.com
ehudson@atlashall.com
**Counsel for Enterprise Products Holdings, LLC,
and Enterprise Products Company**

David L. Ortega
James M. "Jamie" Parker, Jr.
NAMAN HOWELL SMITH & LEE, PLLC
Union Square II
10001 Reunion Place, Suite 600
San Antonio, Texas 78216
Tel: (210) 731-6300
Fax: (210) 785-2953
dortega@namanhowell.com
jparker@namanhowell.com
**Counsel for Lewis Energy Group, LP and**
**Lewis Petro Properties, Inc.**

/s/ *Isaac J. Huron*
Isaac J. Huron

17