## MARIE GRAPOTTE V. CHARLES D. ADAMS.

No. 6765. Decided January 5, 1938.
Rehearing overruled January 26, 1938.
(111 S. W., 2d Series, 690.)

*Carter & Lewis,* of San Antonio, for plaintiff in error.

It was error for the Court of Civil Appeals to hold that there was no duty resting upon the defendant to repair the defective condition of the driveway passing across the sidewalk, because there was evidence tending to show that the defendant's affirmative act in inviting his customers to drive over the sidewalk caused and contributed to the defective and dangerous condition thereof, also that defendant was using said portion of the sidewalk for his private business as an entrance to his storage garage and was putting the same to a heavy servitude for his special use and benefit which was not enjoyed by the public in general. Hanlon v. City of Waterbury, 108 Conn. 197, 142 Atl. 681; Kampmann v. Rothwell, 101 Texas 535, 109 S. W. 1089; Farley v. Lexington Roller Mills Co., 54 S. W. (2d) 8.

*T. M. West, Nat. L. Hardy,* and *Frank B. Buchanan,* all of San Antonio, for defendant in error.

*H. P. Kucera,* City Attorney of Dallas, *R. E. Rouer,* City Attorney of Fort Worth, and *R. R. Lewis,* City Attorney of Houston, filed brief as amici curiae.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This cause was tried in the district court of Bexar County, Texas, with Marie Grapotte as plaintiff and Charles D. Adams as defendant. We will here designate the parties as they so appeared.

Plaintiff sued the defendant for damages resulting from personal injuries received by her from stepping into a hole or depression in the sidewalk in the street abutting the premises rented and operated by the defendant at the time. Trial in the district court resulted in a judgment for the plaintiff for a sub-

stantial sum. On appeal to the Court of Civil Appeals this judgment was reversed, and judgment rendered for the defendant. 69 S. W. (2d) 460.

The record shows the following facts: That defendant, at the time of this accident, was operating a storage garage in the city of San Antonio, Texas, upon the premises abutting this sidewalk; that he was operating such garage as a business for profit; that the garage building was three stories high, and approximately 300 to 350 motor vehicles were handled therein each day; that such vehicles all passed over this sidewalk, as invitees of defendant; that such garage remained open at all hours, day and night; that the sidewalk where plaintiff sustained her injuries was in the street in front of this garage; that in order to enter the garage it was necessary for cars to use a driveway leading from the portion of the street used by vehicles into such garage; that the sidewalk was a part of such driveway, and it was necessary for cars to pass over or across this sidewalk every time they entered or departed from the garage; that this condition existed at all times defendant occupied the garage, and for years prior thereto; that as a result of numerous vehicles passing daily over the sidewalk, as above stated, such sidewalk had become worn so that a hole or depression existed therein where the wheels of the vehicles passed; that plaintiff while walking on the sidewalk at night stepped into such hole or depression and fell, thereby sustaining severe bodily injuries; and that the defendant knew, or ought to have known, the defective condition of the sidewalk.

If we understand this record, it further shows that defendant was a tenant of the owner of this garage, and had been for a few months prior to the time plaintiff was injured; that the building had been used as a storage garage for years before defendant rented it; that this sidewalk was defective and had this hole or depression therein at the time defendant rented it; that such hole or depression was caused by motor vehicles passing over the sidewalk, and that the use of the sidewalk by defendant in having his customers pass over it had deepened such hole or depression to some extent—the amount of which we are unable to say. We assume, for the purposes of this opinion, that defendant contributed to cause this depression by inviting his customers to cross over the sidewalk.

If we understand the plaintiff's petition, she attempts to predicate her right to recover purely under the common law, as for tort.

Under the above record, the Court of Civil Appeals holds, as a matter of law, that no cause of action exists against the

defendant. In so holding the Court of Civil Appeals reaffirmed the well-established rule of law that a sidewalk is a part of the street and the duty to exercise ordinary care to maintain such sidewalk in a reasonably safe condition for the use of the public rests upon the city, and not upon the abutting property owner. This is certainly the general rule, and we find no facts in this record that take this case from under it. Defendant committed no unusual, wrongful, or unlawful act which caused the hole or depression here involved. It certainly was not unusual, wrongful, or unlawful for him to conduct his garage business in the way that he did. It is true that many cars passed over this sidewalk as his invitees, but such fact simply shows the degree or quantity of use—not an unusual use in a legal sense, and not a wrongful or unlawful use.

We have carefully read the opinion of the Court of Civil Appeals, and we think it correctly decides the issues of law involved in this case. No good purpose can be served by further discussion here. We therefore adopt the opinion of the Court of Civil Appeals as the opinion of this Court on all matters therein discussed.

Plaintiff contends that the Court of Civil Appeals was in error in rendering judgment for the defendant, even if it correctly decided the law questions expressly discussed in its opinion. This contention is based upon the further contention that the plaintiff's pleadings and evidence raise the issue of the defendant having been guilty of producing and maintaining a nuisance. We are unable to sustain this contention. Under our view, defendant committed no unusual, wrongful, or unlawful act in regard to producing the hole or depression in this sidewalk. Furthermore, he committed no wrongful or unlawful act in failing to repair it. All this being true, we are unable to see how he could be guilty of producing a nuisance, or of maintaining one.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered January 5, 1938.

Rehearing overruled January 26, 1938.

The opinion of MR. CHIEF JUSTICE HICKMAN, of the Court of Civil Appeals for the Eleventh Judicial District, is as follows:

The appeal is from a judgment in favor of appellee against appellant for damages for personal injuries. At the time appellee sustained her injuries she was walking along a sidewalk on St. Mary's Street in the city of San Antonio, and was caused to

fall by stepping into a hole, or depression, about three inches deep in front of a garage which appellant was operating as the tenant of J. M. Nix. Neither the city nor the owner of the building was made a party defendant, the contest being alone between appellee and the tenant. In some unexplained manner an abrasion was made on the concrete sidewalk before appellant became the tenant of the building and, by the action of cars in passing over it upon entering and departing from his place of business, the hole, or depression, was made deeper during the few months of his occupancy prior to the injury. The jury found that appellant's operation of the garage and use of the drive-in-way in question directly caused or contributed to the hole or depression, and convicted him of negligence in the following particulars: (1) in causing this condition to exist; (2) in permitting this condition to exist; and (3) in failing to have the hole or depresson repaired before the accident. In due time, appellant requested the court to peremptorily instruct a verdict in his favor, and the failure of the court to do so is made the basis of the first assignment of error.

The Star Garage, operated by appellant, abutted upon St. Mary's Street. In order for customers to enter and depart from the garage, it was necessary for them to drive over the sidewalk No question is presented that the drive-in-way did not in all respects conform to the requirements of the city, if any it had. Liability was not predicated upon any statute or any ordinance, but solely upon the common law. The theory, as disclosed by appellee's brief, seems to be that appellant was enjoying some kind of special privilege in the sidewalk by using same as an integral part of his business, for which reason the duty devolved upon him, as the proprietor of the business, to keep the sidewalk in repair. There is not found in the record any evidence whatever that appellant conducted any business on the sidewalk; that he, by any affirmative act, or otherwise, made this depression therein, or caused the one existing when he became the tenant to be made deeper, but only that his customers caused same to be made deeper by driving their automobiles over it.

It would scarcely seem necessary to cite authorities in support of the proposition that sidewalks are a part of the street, that the duty to exercise ordinary care to maintain them in a reasonably safe condition for the use of the public rests upon the city, and that an abutting owner owes no duty in that regard. City of San Antonio v. Wildenstein, 49 Texas Civ. App. 514, 109 S. W. 231; Werner v. Trout, 2 S. W. (2d) 525; Breen v. Johnson Bros. Drug Co., 297 Mo. 176, 248 S. W. 970; Elliott on Roads and Streets, (4th ed.) Sec. 898. Appellee recognizes

this doctrine to be sound. She does not contend that the sidewalk was private property, but alleged in the petition upon which she went to trial that "said sidewalk in the place where plaintiff fell was a much used public thoroughfare." She is not suing the owner of the building, thereby impliedly recognizing that no liability exists against him by virtue of his ownership. She seeks to hold the tenant liable on the ground that he contributed to this condition by inviting his customers to use the drive-in-way over the sidewalk. Her theory is based essentially upon the assumption that appellant was making a wrongful use of a portion of the public thoroughfare. Is the assumption correct? We think not. Access to a public highway is an incident to the ownership of land abutting thereon, and the right to such access is private property passing to the lessee. That right can not be taken for public purposes or destroyed without adequate compensation being made therefor. Constitution, Art. 1, Sec. 17; Gulf, C. & S. F. Ry. Co. v. Allbright, 7 Texas Civ. App. 21, 26 S. W. 250; McCammon & Lang Lumber Co. v. Trinity & B. V. Ry. Co., 104 Texas 8, 133 S. W. 247; Anzalone v. Metropolitan District Com., 257 Mass. 32, 153 N. E. 325, 47 A. L. R. 897, and the annotation following same; 13 R. C. L., p. 142 et seq., Sec. 125; 44 C. J., Sec. 3711, p. 943 et seq. This right of access extends to the invitees of the owner and lessee. 44 C. J. 945. It is true that sidewalks are built primarily for pedestrians, and not for vehicular traffic, but it does not follow that vehicles have not the same right to pass over them as a means of access to places of business abutting thereon that pedestrians have to walk longitudinally upon them. In the case of Schindler v. Schroth, 146 Calif. 433, 80 Pac. 624, the opinion by the Supreme Court of California states: "The use of a sidewalk by the owner of a lot for purposes of communicating with the street is equally legitimate, and equally an ordinary use as that of passing longitudinally along it."

The liability of appellant is not different from that which would have existed had appellee been injured by a depression, not in the sidewalk, but in the street. In the case of Noonan v. City of Stillwater, 33 Minn. 198, 22 N. W. 444, 53 Am. Rep. 23, there was involved the question of the constitutionality of a city charter making abutting owners liable to all persons injured by their failure to keep sidewalks in repair and safe for traveling. In holding same unconstitutional the court employed the following language:

"Can the legislature make it the duty of lot-owners in cities to construct and keep in repair so much of the street to the

center of it as lies in front of the lots, and upon their failure so to do, make them liable, not to the city, but to any one of the public who may be injured in consequence of the neglect to construct or keep in repair? Some cases attempt to make a distinction between the sidewalk and the remainder of the street in respect to the method of laying the burden of constructing and maintaining the same. But there is no basis for such a distinction. The sidewalk and the remainder of the street are equally for public use, the rights of the public are the same in each. The rights, as far as the center of the street, of the owner of an abutting lot are the same in each. That one is reserved for passers on foot, and the other is for the use of vehicles, is only a regulation of the public use for the public good, the public authorities determining how much shall be reserved for sidewalk. The improvement of one is just as much a public improvement, and must have the public need to justify it to the same extent as the improvement of the other; therefore, if the provisions of this charter as to sidewalks are valid, the legislature may extend them over the remainder of the street—certainly to the center."

In its last analysis, the judgment in the instant case can be upheld alone upon the ground that it is the duty of abutting owners, and likewise of their lessees, to repair the public thoroughfares adjoining their premises. That duty does not exist, but rests exclusively on the municipality, and, where there is no duty there can be no negligence.

Appellee relies upon Kampmann v. Rothwell, 101 Texas 535, 109 S. W. 1089, and other cases involving similar facts. The distinction between that line of cases and the instant one, it seems to us, is readily apparent. Appellant did not use the sidewalk as a place to carry on his business and did not, as in the Kampmann case, create any dangerous condition thereon. His customers, who created or added to the danger of the condition were as much a part of the traveling public when crossing the sidewalk as when they were driving in the street approaching it. The peremptory instruction should have been given.

We can see no reason for remanding this cause for another trial. The case presents only a question of substantive law, and there is no indication that the facts were not fully developed upon the trial. It is accordingly our order that the judgment of the trial court be reversed, and that judgment be here rendered that appellee take nothing by her suit.

Opinion delivered February 16, 1934.