**CITY OF CORPUS CHRISTI, Texas,**
**Appellant,**

v.

**MISSOURI IMPROVEMENT COMPANY,**
**Appellee.**

**No. 13819.**

Court of Civil Appeals of Texas.

San Antonio.

Oct. 18, 1961.

**902**

I. M. Singer, Corpus Christi, for appellant.

Kleberg, Mobley, Lockett & Weil, Corpus Christi, for appellee.

BARROW, Justice.

This suit was brought by appellee, Missouri Improvement Company, against appellant, City of Corpus Christi, Texas, in statutory form of trespass to try title, seeking to recover title to a strip of land 60 feet wide and approximately 1,100 feet long, which land is now a portion of Lipan Street, one of the main streets of the City of Corpus Christi. Appellee's suit is based upon the provisions of a deed dated November 8, 1950, wherein Missouri Improvement Company conveyed to the City of Corpus Christi that strip of land for street purposes, subject to the following conditions:

"(a) That the said premises be used solely and exclusively *as a public street,* and for no other purpose;

"(b) That no assessment shall be levied, for a period of twenty-five (25) years from the date of these presents, upon any property abutting the property hereby conveyed, to cover any portion of the cost of grading, paving, curbing, or drainage (including storm sewers and gutters placed on, upon and along or under the property so conveyed) or any part of the cost of the maintenance of the said property as a public street."

These conditions were followed by a provision for forfeiture and reversion of the land in the event of a breach thereof. It was upon an alleged breach of the conditions that appellee sought recovery of the title to said strip of land.

The appellant answered by plea of not guilty and various defenses not material to this appeal, and by cross-action sought to recover judgment upon two certificates of special assessment for street improvement of Lipan Street, assessed against appellee as an abutting property owner.

Both parties presented motion for summary judgment. The trial court had before it on the hearing of the motions, the pleadings of the parties, a map of Lipan Street prepared by the City Public Works Department, showing the property involved, the abutting property, and certain improvements hereinafter discussed, the "paving assessment" rolls, and the affidavits of Sam Davidson, Engineer of the City Public Works Department, and Drahn Jones, Director of the City Public Works Department. The trial court overruled appellant's motion and sustained appellee's motion,

but denied appellee a recovery of title to the land and limited recovery to holding for naught and setting aside the paving assessments claimed by appellant against appellee's abutting property.

The following undisputed facts are shown by the record in this cause: Shortly after the execution of the deed from appellee to appellant, the appellant entered upon the strip and installed storm sewers and constructed a paved street 40 feet wide in the center of the strip, leaving a strip 10 feet wide on each side of the street. The record does not reflect what was done with the two narrow strips, except that Sam Davidson, in his affidavit, said that the entire sixty-foot strip had been used for no other purpose than for street purposes. About the month of August, 1958, appellant repaired Lipan Street, including the strip involved herein, by repaving the forty-foot center strip, and constructed a concrete sidewalk adjacent to the property line on each side of the street, together with driveways into the various properties, including that of appellee, on each side of the street, leaving a six-foot strip between the sidewalk and the paved street. In connection with said improvements, appellant by ordinance dated August 27, 1958, levied a paving assessment against abutting property owners, including appellee, to pay a part of the cost of such improvements. On the 29th day of April, 1959, appellant issued two paving certificates against appellee's abutting property, one against the property on the north side of the street for the sum of $2,036.22, and one against the property on the south side for the sum of $1,940.17. Appellee filed this suit within fifteen days after the adoption of the above mentioned ordinance.

■ Appellant makes but two main contentions on this appeal. The first contention is that inasmuch as appellant levied the assessment in accordance with the provisions of Article 1105b, Vernon's Tex.Civ. Stats., and appellee did not appeal from its action within fifteen days after the adoption of the City ordinance, as provided in Sec. 9 of said Article, appellee is barred and estopped from making any attack on the validity of the paving certificates. We overrule that contention. Sec. 9 of Article 1105b, provides:

"Anyone owning or claiming any property assessed, or any interest therein, or any railway, street railway, or interurban assessed, or any interest therein, who shall desire to contest any such assessment on account of the amount thereof, or any inaccuracy, irregularity, invalidity, or insufficiency of the proceedings or contract with reference thereto, or with reference to such improvements, *or on account of any matter or thing not in the discretion of the governing body,* shall have the right to appeal therefrom and from such hearing by instituting suit for that purpose in any court having jurisdiction within fifteen (15) days from the time such assessment is levied; * * *." (Emphasis added.)

The section then provides that anyone who shall fail to so appeal shall be barred and estopped from contesting or questioning said assessment. The statute is broad in its terms and does not attempt to prescribe the type or manner of suit, so long as the nature of the suit brings into question the right of the City to make such assessment. It is not questioned that appellee's suit was filed within the fifteen-day period, but appellant contends that it is not an appeal as provided by Sec. 9, supra. We do not agree. The suit is in statutory form of trespass to try title. It is broad in scope, and in this case it places in issue the question of whether or not there has been a breach of the express condition in the deed, so as to revert title in appellee, and therefore directly places in issue appellant's right to make the assessment involved. See, Article 7364, Vernon's Tex.Civ.Stats., and Rule 783 et seq., Texas Rules of Civil Procedure. Undoubtedly, the issue of the validity of the assessment was raised in this suit.

Appellant's second contention is that under the undisputed facts shown on motion for summary judgment, it has not breached any of the conditions contained in the deed and, therefore, it is entitled to judgment both on appellee's suit and on its cross-action as a matter of law. Having heretofore stated that the material facts are not in dispute, it remains only to be determined which of the moving parties is entitled to judgment. In connection with appellant's second contention, it argues that it is using all of the sixty-foot strip exclusively for street purposes. At the same time it argues that sidewalks and driveways are not streets, and therefore paving sidewalks and driveways are not paving within condition (b) of the deed. In our opinion, these arguments are so obviously contradictory that they cannot both be true. Under the plain unambiguous terms of the deed, appellant obligated itself to use all of the sixty-foot strip exclusively for street purposes, and for no other purpose. And under equally plain terms it obligated itself not to levy any assessment against appellee for a period of twenty-five years, "to cover any portion of the cost of grading, paving, curbing, or drainage (including storm sewers and gutters placed on, upon and along or under the property so conveyed) * * *." If, as appellant argues in the first instance, sidewalks and driveways are no part of the street, then appellant has breached the first condition in the deed; but if, on the other hand, as argued in the second instance, the entire sixty feet is being used exclusively for street purposes, and no other purpose, then the assessment made by appellant to pay the cost, or any part of the cost, of paving sidewalks and driveways located wholly on the sixty-foot strip, falls within the second condition in the deed. However, we are of the opinion, under the facts in this case, that sidewalks and driveways so located must be considered as a part of the street. Grapotte v. Adams, 130 Tex. 587, 111 S.W.2d 690. Under the facts in this case, appellee is entitled to one of two remedies: (1) to have a forfeiture declared and have the title to the land revert to it; or (2) to enforce the contract and require that paving be done at the expense of the City. Appellee makes no complaint of the court's refusal to declare a forfeiture. Appellant is in no position to complain of the court's judgment requiring it to comply with its contract. We think it is important here to note that appellant makes no contention that its act in making said contract and accepting said deed, whereby it waived its right to exercise the authority to assess appellee's property under the provisions of Article 1105b, is ultra vires.

The judgment is affirmed.