Laura Leticia Zepeda VASQUEZ, Individually and on behalf of the Estate of José Abraham Vasquez Jr., Appellant

v.

LEGEND NATURAL GAS III, LP; Legend Natural Gas, LLC; Lewis Energy Group, LP; Lewis Petro Properties, Inc.; Rosetta Resources Operating, LP; Virtex Holdings, LLP; Virtex Operating Company, Inc.; Enterprise Products Holdings, LLC; Enterprise Products Company; and XTO Energy, Inc., Appellees

No. 04–14–00899–CV

Court of Appeals of Texas, San Antonio.

Delivered and Filed: April 29, 2016

Jeffrey Lee Dorrell, Hanszen Laporte, LLP, Houston, TX, for Appellant.

Brian Charles Miller, Christopher Andrew Lowrance, Royston Rayzor Vickery & Williams, William A. Abernethy, Donnell, Abernethy & Kieschnick, P.C., Corpus Christi, TX, Joel Vale Jr., Atlas, Hall & Rodriguez, LLP, Jose E. Garcia, Garcia & Villarreal, L.L.P., McAllen, TX, Edward Michael Rodriguez, Atlas Hall & Rodriguez, LLP, Brownsville, TX, David Louis Ortega, James M. Parker Jr., Naman, Howell, Smith & Lee, PLLC, Isaac J. Huron, Davis, Cedillo & Mendoza, Inc., San Antonio, TX, for Appellee.

Sitting: Rebeca C. Martinez, Justice, Patricia O. Alvarez, Justice, Luz Elena D. Chapa, Justice

## OPINION

Opinion by: Patricia O. Alvarez, Justice

This case stems from Appellant Laura Vasquez's[2] wrongful death and survival causes of action filed against Appellees Legend Natural Gas III, LP; Legend Natural Gas, LLC; Lewis Energy Group, LP; Lewis Petro Properties, Inc.; Rosetta Resources Operating, LP; Virtex Holdings, LLP; Virtex Operating Company, Inc.; Enterprise Products Holdings, LLC; Enterprise Products Company; and XTO

**2.** To assist in clarification of the incidents involving José Vasquez and Appellant Laura Vasquez's claims on appeal, we refer to each

Energy, Inc.[3] The trial court dismissed Laura's cause of action pursuant to Texas Rule of Civil Procedure 91a. *See* Tex. R. Civ. P. 91a.

Appellant's sole issue on appeal is whether "[Appellees had] a legal duty to act to prevent [José] Vasquez's death from the dangerous situation on Krueger Road that [Appellees] themselves created." Because Laura's pleadings failed to show a basis in law that Appellees maintained a duty (1) to repair Krueger Road or (2) to warn of a dangerous condition on Krueger Road, the trial court's dismissal is affirmed.

### FACTUAL AND PROCEDURAL BACKGROUND

On August 4, 2012, while driving on Krueger Road, in La Salle County, Texas, José Vasquez died as a result of a one-vehicle rollover accident. Laura Vasquez, José Vasquez's widow, subsequently sued ten entities, jointly the Appellees, who own or operate oil and gas wells in the area around Krueger Road. Laura contended Appellees created a dangerous condition by their drivers' continuous travel on "Krueger Road at a high rate of speed, [operating] heavy and maybe overweight vehicles on Krueger Road, and [operating] vehicles that [Appellees] knew Krueger Road could not handle."

Appellees Legend Natural Gas III, L.P., Legend National Gas, LLC, Lewis Energy

individual by their first name throughout this appeal.

**3.** Unless otherwise specified, the term "Appellees" is used throughout this opinion to jointly identity Legend Natural Gas III, LP; Legend Natural Gas, LLC; Lewis Energy Group, LP; Lewis Petro Properties, Inc.; Rosetta Resources Operating, LP; Virtex Holdings, LLP; Virtex Operating Company, Inc.; Enterprise Products Holdings, LLC; Enterprise Products Company; and XTO Energy, Inc.

Group, LP, and Lewis Petro Properties, Inc. filed motions to dismiss pursuant to Texas Rule of Civil Procedure 91a. *See* Tex. R. Civ. P. 91a. The Rule 91a motion asserted Laura's petition had no basis in law because the Appellees owed no legal duty to José. *See* Tex.R. Civ. P. 91a.1; 91a.2. Appellees also urged Laura's petition alleged no basis in fact because "no reasonable person [would] believe the facts pled" establish causation. *Id.* R. 91a. 1.

On October 2, 2014, Laura filed her First Amended Petition asserting multiple theories of negligence: (1) Appellees' negligent and non-negligent use and operation of their vehicles on Krueger Road; (2) Appellees' negligent and non-negligent operation of their businesses; and (3) Appellees' gross negligence. Under the negligence theories, Laura contended Appellees created a dangerous condition for all drivers on Krueger Road.

All parties appeared for a contested hearing on October 16, 2014. At the close of the hearing, the trial court orally granted Appellees Legend Natural Gas III, L.P., Legend National Gas, LLC, Lewis Energy Group, LP, and Lewis Petro Properties, Inc. motions to dismiss pursuant to Texas Rule of Civil Procedure 91a.

The motion to dismiss and final judgment entered on January 5, 2015, provided as follows:

It is therefore ORDERED that Defendants' Legend Natural Gas III, LP and Legend Natural Gas, LLC, Motion to Dismiss and Defendants' Lewis Energy Group, LP, and Lewis Petro Properties, Inc., Partial Motion to Dismiss are hereby GRANTED pursuant to Texas Rule of Civil Procedure 91a on the grounds Plaintiff's Cause of Action against these Defendants has no basis in law. It is further ORDERED that all of Plaintiffs' claims against all remaining Defendants: Rosetta Resources Operat-

ing LP, Virtex Holdings, LLP, Virtex Operation Company, Inc., Enterprise Products Holdings LLC, Enterprise Products Company, and XTO Energy Inc., are also DISMISSED pursuant to Texas Rule of Civil Procedure 91a, on the grounds Plaintiff's Cause of Action has no basis in law.

Laura's sole issue on appeal is whether "[Appellees had] a legal duty to act to prevent [José] Vasquez's death from the dangerous situation on Krueger Road that [Appellees] themselves negligently created." Accordingly, we limit our review to this question.

### Texas Rule of Civil Procedure 91a

Rule 91a provides that a party may move to dismiss a cause of action on the ground that it has no basis in law or fact. *Id.* "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* Evidence is not considered when a trial court rules on a Rule 91a motion. *Id.* R. 91a.6. To the contrary, a trial court looks only to "the pleading of the cause of action, together with any pleading exhibits." *See* Tex.R. Civ. P. 91a.6 ("[T]he court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59.").

■ The trial court further construes the pleadings liberally in favor of the plaintiff, looks to the pleader's intent, and *accepts the plaintiff's factual allegations as true*; and, if needed, draws reasonable inferences from the factual allegations to determine if the cause of action has a basis in law or fact. *See* Tex. R. Civ. P. 91a. 1; *Weizhong Zheng v. Vacation Network,*

*Inc.*, 468 S.W.3d 180, 183–84 (Tex.App.–Houston [14th Dist.] 2015, pet. denied); *Wooley v. Schaffer*, 447 S.W.3d 71, 74–75 (Tex.App.–Houston [14th Dist.] 2014, pet. denied); *GoDaddy.com, LLC v. Toups*, 429 S.W.3d 752, 754 (Tex.App.–Beaumont 2014, pet. denied). We remain cognizant that " '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' " *GoDaddy.com*, 429 S.W.3d at 754 (alterations in original) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). In the case at bar, although we take all of Laura's *factual* allegations as true, we need not afford the same deference to plaintiff's *legal* conclusions or *conclusory statements. See GoDaddy.com*, 429 S.W.3d at 754; *Kidd v. Cascos*, No. 03–14–00805–CV, 2015 WL 9436655, at *2 (Tex.App.–Austin Dec. 22, 2015, no pet.) (mem.op.) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)); *see also City of Austin v. Liberty Mut. Ins.*, 431 S.W.3d 817, 826 (Tex.App.–Austin 2014, no pet.).

## A. Standard of Review

An appellate court reviews a trial court's ruling on a motion to dismiss de novo. *See Wooley*, 447 S.W.3d at 76; *Allen Keller Co. v. Foreman*, 343 S.W.3d 420, 425 (Tex.2011) (citing *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010)). Moreover, "[d]eterminations of whether a cause of action has any basis in law and in fact are both legal questions which we review de novo, based on the allegations of the live petition and any attachments thereto." *Wooley*, 447 S.W.3d at 76; *see also GoDaddy.com*, 429 S.W.3d at 754.

## B. Factual Allegations

Rule 91a mandates this court take all of Laura's factual allegations set forth in her First Amended Petition as true. *See* TEX. R. CIV. P. 91a. Laura's petition focuses on the condition of Krueger Road, a public road located in La Salle County. Laura alleges Krueger Road was once a safe, paved road that became dilapidated and dangerous.

The assertions contained within Laura's First Amended Petition are set forth below:

(i) [I]t takes almost 1200 trucks to bring one oil or gas well into production;

(ii) [O]ver 350 trucks are required per year for maintenance of an oil or gas well;

(iii) [T]he service life of roads in areas around oil or gas wells is reduced more than 30 percent per year due to natural gas well operations;

(iv) [Appellees knew] La Salle County could not repair Krueger Road as fast as [Appellees] destroyed it;

(v) [Appellees'] drivers continuously [drove] down Krueger Road at a high rate of speed;

(vi) [Appellees'] operate[d] heavy and maybe overweight vehicles on Krueger Road;

(vii) Krueger Road was once a safe, paved road for the public;

(viii) Now, Krueger Road is a dangerous, dirt road with potholes, bumps, [and] crevices;

(ix) [Appellees] knew they created a dangerous condition on Krueger Road;

(x) [Appellees] failed to fix the road, failed to attempt to prevent injuries, and failed to provide any warnings to drivers on Krueger Road, such as José Vasquez.

Based on Laura's factual allegations, we take as true that Appellees' continuous and allegedly negligent acts created a danger-

ous condition on the roadway in question (i.e., a dilapidated road). *See Allen Keller Co.*, 343 S.W.3d at 425.

Laura asserts that her pleadings sufficiently alleged that Appellees owed a legal duty to act. We thus turn to whether Laura's pleadings sufficiently show a basis in law that Appellees owed a legal duty to José. *See Wooley*, 447 S.W.3d at 76; *see also D. Houston, Inc. v. Love,* 92 S.W.3d 450, 454 (Tex.2002) (citing *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex.1987) (concluding a negligence cause of action requires proof of "[1] a legal duty owed by one person to another, [2] a breach of that duty, and [3] damages proximately caused by the breach.").

## C. Negligence

 A negligence cause of action necessarily requires a plaintiff establish the defendant had a legal duty and violated that duty. *Villegas. v. Tex. Dep't of Transp.*, 120 S.W.3d 26, 39 (Tex.App.–San Antonio 2003, pet. denied); *see also De-Grate v. Exec. Imprints, Inc.*, 261 S.W.3d 402, 409 (Tex.App.–Tyler 2008, no pet.) (citing *Graff v. Beard*, 858 S.W.2d 918, 919 (Tex.1993)). Duty is a legal "obligation to conform to a particular standard of conduct." *Way v. Boy Scouts of Am.*, 856 S.W.2d 230, 233 (Tex.App.–Dallas 1993, writ denied). If no duty exists, a defendant cannot be held liable for negligence. *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex.2006) (per curiam).

 The present case turns on the issue of whether Appellees owed a duty to José to repair Krueger Road or to warn of a dangerous condition on Krueger Road. *See Buchanan v. Rose*, 138 Tex. 390, 159 S.W.2d 109, 110 (1942) (explaining negligence is "the doing of that which an ordi-

narily prudent person would not have done under the same or similar circumstances, or the failure to do that which an ordinarily prudent person would have done under the same or similar circumstances"). Laura's negligence claim, thus, requires proof that Appellees owed "a legal duty" to José. *See D. Houston, Inc.*, 92 S.W.3d at 454.

## D. Arguments of the Parties

Laura argues her First Amended Petition factually supports her causes of action for negligence against the Appellees for creating a dangerous condition. She contends the trial court erred in its implicit finding that Appellees had no legal duty to her husband. Laura infers that because La Salle County "could not repair Krueger Road as fast as [Appellees] destroyed it," Appellees' negligent use of the road gave rise to their duty to repair Krueger Road or to warn drivers of its danger. She alleges that on the day of José's accident, Appellees' failure to fix Krueger Road, or provide warnings of the dangerous condition on Krueger Road, resulted in the creation of a dust cloud when a Lewis Energy vehicle traveled negligently on Krueger Road in front of José.[4] The dust cloud, in turn, caused José to drive off of the road, into a ditch, and ultimately flip his vehicle. Laura alleges that José was killed as a result.

Appellees assert, inter alia, that they have no duty to repair a public road or to warn of the condition of the public roadway where such condition was the result of wear and tear and that such duty to repair or warn was La Salle County's sole responsibility. Appellees also argue they do not own or control the public road and, thus, do not have any property interest

4. The cause of action against Lewis Energy, for the alleged negligent driving of one of its trucks on the dirt road, causing a cloud of

dust that blinded Vasquez, was severed from the main cause of action and is not part of this appeal.

that would provide a legal right to place signs or devices on it.

### E. Duty Owed by Private Entities in Relation to a Dangerous Condition on a Roadway

Because liability cannot be imposed in the absence of duty, whether Appellees owed José a duty is a threshold inquiry. *See id.* The trial court implicitly found that Appellees owed no legal duty to José when it dismissed Laura's claims under Rule 91a. TEX. R. CIV. P. 91a. We, therefore, look to whether Laura's pleadings established a duty on behalf of Appellees, being mindful that Laura's factual allegations, and the reasonable inferences therefrom, must be taken as true. *See Wooley,* 447 S.W.3d at 75.

The dispositive question is whether Appellees owed a duty to either (1) repair Krueger Road or (2) warn of any danger created by a dangerous condition on Krueger Road. We address each separately.

*1. Duty to Repair Roadway Damaged by Negligently Created Dangerous Condition*

The petition alleged the following dangerous condition:

Every day, [Appellees] sent, and still send, numerous loaded and unloaded trucks up and down Krueger Road to operate and service the wells. [Appellees], knowing La Salle County could not repair Krueger Road as fast as [Appellees] destroyed it, created a dangerous condition for all drivers on Krueger Road, including Jose Vasquez.

The parties agree that La Salle County's county commissioners possess general control over public roads, specifically Krueger Road, located within the county. *See City of San Antonio v. City of Boerne,* 111 S.W.3d 22, 27–28, 31–32 (Tex.

2003) (citing TEX. LOC. GOV'T CODE ANN. § 81.028(5) recodified in TEX. TRANSP. CODE ANN. § 251.016 (West 2015) (explaining roadways are the State's responsibility and the State bears the duty to make them safe)); *see also Robbins v. Limestone Cty.,* 114 Tex. 345, 268 S.W. 915, 918 (1925) ("The Legislature then has the sole and exclusive power pertaining to public roads and highways, unless and only to the extent that power may be, if at all, modified or limited by other plain provisions of the Constitution"). "By granting commissioners general control over the roads, the Legislature imposed on them a duty to make roadways safe for public travel." *City of Boerne,* 111 S.W.3d at 31–32; TEX. TRANSP. CODE ANN. § 252.005(a) (West 2013) (county has the duty to repair public roads under its control).

Both parties point to *Grapotte v. Adams,* 130 Tex. 587, 111 S.W.2d 690 (1938), for support. In *Grapotte,* the plaintiff tripped and fell while walking on a public sidewalk in downtown San Antonio. *Id.* at 691. The plaintiff filed suit contending "that as a result of numerous vehicles [owned by the defendant] passing daily over the sidewalk, ... [the] sidewalk had become worn so that a hole or depression existed therein where the wheels of the vehicles passed." *Id.* The plaintiff further alleged that "while walking on the sidewalk at night, [she] stepped into such hole or depression and fell, thereby sustaining severe bodily injuries; and that the defendant knew, or ought to have known, the defective condition of the sidewalk." *Id.* The Texas Supreme Court concluded that the duty to maintain the sidewalk rested upon the City of San Antonio, rather than the abutting landowner-defendant. *Id.* at 691. Contrary to *Grapotte's* contentions that the depression in the sidewalk was an erroneous use by the defendant, the court concluded that the numerous cars passing

over the sidewalk "simply show[ed] the degree or quantity of use." *Id.* at 691–92.

The present case strongly resembles the facts set out in *Grapotte.* Like the defendant's vehicles driving over a public sidewalk in *Grapotte,* the Appellees' employees drove their work-related vehicles on a public road. *Id.* at 691–92. As in *Grapotte,* the subsequent degradation of that road over time, by itself, does not give rise to a duty, even if the road becomes dangerous for other users, regardless of the number of vehicles driven on the road. *See id.* Here, the roadway in question was a public roadway used by the public, including Appellees and José. Yet, as *Grapotte* explains, absent an exception, the duty to repair a public road remains with the governmental entity in control of that road. *Id.*

Based on Laura's allegations, we take as true the allegation that Appellees' work-related vehicles were "heavy and maybe overweight' and Appellee's drivers traveled at a high rate of speed on Krueger Road. We also take as true that Appellees' acts ultimately damaged the roadway; and, it was the condition of the roadway that caused the cloud of dust resulting in José's accident and subsequent death. Laura's petition, however, failed to allege how the Legislature's "granting commissioners courts general control over the roads," imposed on Appellees "a duty to make the roadways safe for public travel." *City of Boerne,* 111 S.W.3d at 31–32; *see also Grapotte,* 111 S.W.2d at 691–92.

Absent an allegation that La Salle County delegated its maintenance and repair functions to Appellees, or that Appellees gratuitously assumed those functions, Laura's pleadings do not support the existence of a legal duty, owed by Appellees, to maintain and repair Krueger Road. *See Guerra v. Rodriguez,* 239 S.W.2d 915, 917 (Tex.Civ.App.–San Antonio 1951, no writ)

(recognizing that county commissioners may delegate road repair functions); *see also Fort Bend Cty. Drainage Dist. v. Sbrusch,* 818 S.W.2d 392, 396 (Tex.1991) ("[O]ne who assumes to act, even though gratuitously, may thereby become subject to the duty of acting carefully, *if he acts at all.*") (citing *Glanzer v. Shepard,* 233 N.Y. 236, 135 N.E. 275, 276 (1922)). To hold Appellees owed a duty to José, simply because La Salle County did not repair Krueger Road fast enough, would create a duty that does not exist. *See Villegas,* 120 S.W.3d at 39. Although we are obligated under Rule 91a to take Laura's factual allegations as true, we nevertheless conclude that Laura's pleadings fail to show a basis in law that Appellees owed a duty to José, or any other individual on the roadway, to repair Krueger Road.

Having found Appellees owed no legal duty to repair Krueger Road, we next turn to whether Appellees had a duty to warn José regarding a potentially dangerous condition on Krueger Road.

### 2. Duty to Warn of a Dangerous Condition

In *Buchanan v. Rose,* 159 S.W.2d at 109, the Texas Supreme Court addressed whether a driver traveling over a bridge that "ha[d] broken down under the weight of his vehicle, without negligence on his part," had a duty to warn other drivers in an attempt to prevent other drivers' injuries. The court's analysis was based on the concession that the defendant was not negligent in the damage caused to the bridge. *Id.*

Laura correctly points to *Buchanan* for the general proposition that when someone acts without negligence and creates a dangerous situation, that person must give warning of the danger. *Id.* at 109–10. We note, however, the *Buchanan* Court was careful to limit the applicability of its opin-

ion. *Id.* "There are many instances in which it may be said, as a matter of law, that there is a duty to do something, and in others it may be said, as a matter of law, that there is no such duty." *Id.* The court then pointed out there is a difference between a *legal* duty and a *moral* duty to act. *Id.* That distinction is even more relevant in the case before us today.

The *Buchanan* Court examined when an individual "by his own acts, although without negligence on his part, creates a dangerous situation in or along a public way." *Id.* In doing so, the court provided examples—each of which was a specific act performed by a defendant, i.e. the rear wheels crushed the bridge, an excavation of a street or sidewalk, or obstruction on the roadway with a vehicle or other foreign object. *Id.* The court opined that the roadway in question was "insufficient in strength to carry a normal load. It merely gave way as the result of the usual and legitimate use of the road." *Id.* The *Buchanan* Court acknowledged there may be a moral duty to act, but there was no such duty under the law.

Appellees' actions are no different. As the Texas Supreme Court explained in *Jezek v. City of Midland,* 605 S.W.2d 544, 548 (Tex.1980), "[t]here can be no more 'normal use' of a roadway than to be driven upon by a motor vehicle." Even taking all of Laura's factual allegations as true, Appellees' employees were driving work-related vehicles on a roadway designed for vehicular traffic. Because there is no allegation the roadway was only intended for a specific group, for example, passenger vehicles, we infer from the pleadings that Krueger Road was designed for all forms of traffic, including Appellees' work-related vehicles and José's vehicle. Like the court in *Grapotte,* the *Buchanan* Court concluded that the defendant's action of driving over the bridge that "brok[e] down

under the weight of his vehicle" was in the "usual and normal use" of the bridge. *Buchanan,* 159 S.W.2d at 109.

Accordingly, for the same reasons the defendant in *Buchanan* was under no legal "duty to give warning of the defect of the bridge," and the *Grapotte* defendant was under no legal duty to repair the sidewalk damaged by his employees' continuous traffic over the sidewalk, Appellees were under no *legal* duty to provide notice of any dangerous condition on Krueger Road. *Id.* at 109–10; *see also Grapotte,* 111 S.W.2d at 691–92 (explaining that the fact that multiple cars passed over the sidewalk "shows the degree or quantity of use—not an unusual use in a legal sense, and not a wrongful or an unlawful use"); *Allen Keller Co.,* 343 S.W.3d at 426 (explaining that *even assuming Keller' s work created the dangerous condition,* Keller did not own the property and therefore did not have a duty to warn); H. Neff Burton, *Torts–Negligence–Duty to Take Affirmative Action,* 20 Tex. L.Rev. 772, 773 (1942) ("The decision, therefore, must rest upon the ground that utility of the road requires that the normal and legitimate user be excused from liability for defects resulting from ordinary wear and tear, however dangerous they may be.").

Because Laura's pleadings failed to show a basis in law that Appellees owed a legal duty to warn José of a dangerous condition on Krueger Road, the trial court did not err in dismissing Laura's cause of action pursuant to Rule 91a. *See* Tex. R. Civ. P. 91a.

### Conclusion

Having concluded Appellees did not owe José Vasquez a legal duty to repair Krueger Road or to warn of a dangerous condition on Krueger Road, we affirm the trial court's order dismissing Appellant Laura Vasquez's claims against Appellees Legend

Natural Gas III, LP, Legend Natural Gas, LLC, Lewis Energy Group, LP, Lewis Petro Properties, Inc., Rosetta Resources Operating, LP, Virtex Holdings, LLP, Virtex Operating Company, Inc., Enterprise Products Holdings, LLC, Enterprise Products Company, and XTO Energy, Inc.

Concurring Opinion by: Luz Elena D. Chapa, Justice

Dissenting Opinion by: Rebeca C. Martinez, Justice

Luz Elena D. Chapa, Justice, concurring

Laura Vasquez contended at oral argument that a Rule 91a motion was premature because additional time for discovery was necessary to develop the facts of the underlying case. Vasquez implies that had she had an opportunity to engage in additional discovery, she would have been able to plead facts to establish appellees owed a duty to repair or warn of a dangerous condition on a public road. Vasquez did not raise these issues in her brief and, thus, addressing them is not necessary to the disposition of the appeal. *See* TEX. R. APP. P. 38.1(i); TEX. R. APP. P. 47.1. Although I join the majority's opinion and judgment, I write separately because these issues raise important questions about whether Vasquez could have pled additional facts in support of the alleged cause of action to establish appellees owed a duty.

## RULE 91A

The legislative history and the plain language of Rule 91a assist trial courts in determining whether a Rule 91a dismissal is appropriate or whether the claimant should have an opportunity to conduct additional discovery. In 2011, the Texas Legislature enacted section 22.004(g) of the Civil Practice & Remedies Code and required the Supreme Court of Texas to "adopt rules to provide for the dismissal of causes of action that have no basis in law or fact on motion and without evidence." TEX. GOV'T CODE ANN. § 22.004(g) (West Supp.2015). The legislative history reflects an intent to provide for the "early dismissal of actions" involving causes of action that lack a basis in law or fact. Texas House Research Organization, Bill Analysis, Tex. H.B. 274, 82nd Leg., R.S. (2011). The purpose was "to make the civil justice system more efficient, less costly, and more accessible by reforming certain procedures in these cases and making available certain new procedures." House Comm. on Judiciary & Civil Jurisprudence, Bill Analysis, Tex. H.B. 274, 82nd Leg., R.S. (2011); Senate Comm. on State Affairs, Bill Analysis, Tex. H.B. 274, 82nd Leg., R.S. (2011). To implement section 22.004(g), the supreme court adopted Rule 91a, which allows a party to file a motion to dismiss "within 60 days after the first pleading containing the challenged cause of action is served on the movant." *See* TEX.R. CIV. P. 91a.3(a) & cmt. (2013).

Rule 91a contemplates that in response to a Rule 91a motion, a claimant may defend or amend her pleadings. *See* TEX.R. CIV. P. 91a.4, 91a.5. Under Rule 91a.4, a claimant may defend her pleadings by filing a response and arguing her cause of action has a basis in law and fact. TEX.R. CIV. P. 91a.4. Under Rule 91a.5, a claimant may, three days before the hearing on the motion to dismiss, amend her pleadings or nonsuit her cause of action subject to refiling a pleading that alleges sufficient facts. *See* R. 91a.5(a), (b); *see also* Timothy Patton, *Motions to Dismiss Under Texas Rule 91a: Practice, Procedure & Review*, 33 REV. LITIG. 469, 519–24 (2014) (describing options to respond to a Rule 91a motion). "Rule 91a does not mention discovery, much less include an automatic stay." *Id.* at 558–59. The issue of "whether the non-movant has a right to discovery before the motion to dismiss is

heard" is "bound to arise under Rule 91a." *Id.* at 558.

A Rule 91a motion is an appropriate mechanism to challenge the pleadings when the facts pled "together with inferences reasonably drawn from them do not entitle the claimant to the relief sought." TEX.R. CIV. P. 91a.1. When the factual allegations in the plaintiff's petition establish the plaintiff is not entitled to the relief sought as a matter of law, permitting discovery to develop other facts would undermine Rule 91a's purposes and would not place the plaintiff in any better of a position to allege facts entitling her to relief. The matter before us presents such a case.

Here, the Rule 91a motions filed in the trial court were not based on the lack of factual allegations, but on the facts Vasquez had alleged in her first amended petition. Appellees contended the facts Vasquez alleged, taken as true and together with reasonable inferences drawn from them, did not entitle Vasquez to the relief she sought because, as energy companies whose employees drove on a public road to operate and service oil and gas wells, they owed no legal duty to repair or warn of dangerous conditions on a public road. Vasquez suggested at oral argument that additional time for discovery would allow her to develop the facts as to *how* appellees created the dangerous condition on Krueger Road. Vasquez argued she should have the opportunity to prove whether appellees' vehicles were overweight, oversized, and speeding.

However, based on our limited scope of review, we take as true that appellees' vehicles were indeed, overweight, oversized, and speeding. *How* their vehicles became so is of no relevance. We also take as true that appellees created a dangerous condition on Krueger Road. Time for additional discovery would only allow Vasquez to attempt to prove *how* appellees created the dangerous condition. Under the facts of this case, *how* appellees created the dangerous condition is of no relevance to establish whether appellees owed a legal duty to repair or warn of a dangerous condition on a public road.

## DUTY TO REPAIR AND WARN

Users of public roads have a duty of ordinary care not to create foreseeable risks of harm to other drivers on the road. *See Hatcher v. Mewbourn*, 457 S.W.2d 151, 152 (Tex.Civ.App.–Texarkana 1970, writ ref'd n.r.e.). But "when a claim does not result from contemporaneous activity, the [claimant] has no negligent-activity claim, and his claim sounds exclusively in premises-liability." *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 215 (Tex.2015). A claim does not result from a contemporaneous activity when it is a premises condition, and not a contemporaneous activity, that causes the injury. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex.1992). A claim that arises from a dangerous condition on a road, such as a rural unpaved road with potholes, is a premises condition, and a claim based on such a dangerous condition is a premises liability claim. *TXI Operations, L.P. v. Perry*, 278 S.W.3d 763, 764–65 (Tex.2009). The same rules of premises liability for private property apply to public property. *State v. Tennison*, 509 S.W.2d 560, 562 (Tex.1974).

After the Rule 91a motions were filed in the trial court, Vasquez did not amend her pleadings but, instead, defended her live pleading as alleging sufficient facts to establish appellees owed a duty. *See* TEX.R. CIV. P. 91a.4, 91a.5. Vasquez alleged the following facts:

> Every day, [appellees] sent, and still sends numerous loaded and unloaded trucks up and down Krueger Road in La Salle County, Texas to operate and service the wells. [Appellees], knowing La

Salle County could not repair Krueger Road as fast as [appellees] destroyed it, created a dangerous condition for all drivers on Krueger Road. Even though [appellees] created a dangerous condition, they failed to fix the road, and/or provide any warnings to drivers on Krueger Road.

On August 4, 2012, Jose Vasquez was operating a vehicle on Krueger Road when a cloud of dust caused him to lose sight of the road. The cloud of dust was caused by the dangerous condition of the road and the negligent driving of a Lewis Energy truck travelling immediately in front of Jose Vasquez. Because of the dilapidated and dangerous condition of the road, it was impossible for Jose Vasquez to see where the road was. He drove into a ditch which caused his vehicle to flip over. Jose Vasquez died as a result of the incident.

In the "Causes of Action" section of her pleading, Vasquez further alleged:

Krueger Road was once a safe, paved road for the public. Now, Krueger Road is a dilapidated, dangerous, dirt road with potholes, bumps, crevices and no markings left to determine the proper lanes of travel. The reason Krueger Road is so dangerous is because of the [appellees'] actions. [Appellees'] drivers continually drive down Krueger Road at a high rate of speed, operate heavy and maybe overweight vehicles on Krueger Road, and operate vehicles that [appellees] knew Krueger Road could not handle.

The trial court severed Vasquez's "negligent driving" cause of action against the Lewis appellees into a new case.

Vasquez's remaining cause of action is based on injury caused by the condition of a road, and sounds exclusively in premises liability. *See Austin,* 465 S.W.3d at 215; *TXI Operations, L.P.,* 278 S.W.3d at 764–

65; *Keetch,* 845 S.W.2d at 264; *cf. Tennison,* 509 S.W.2d at 562. Vasquez alleged Jose died in a car accident because "it was impossible for Jose Vasquez to see where the road was." Vasquez alleged "the dilapidated and dangerous condition of the road" caused Jose's inability to see where the road was. Thus, it was the condition of the road, not appellees' negligent or illegal operation of speeding, overweight vehicles that caused Jose's inability to see where the road was.

Relying on *Buchanan v. Rose,* Vasquez argues appellees had a "duty to do something" because they knowingly created a dangerous condition on Krueger Road. 138 Tex. 390, 159 S.W.2d 109 (1942). In her brief, Vasquez argues that the "something" in this case was to repair and warn about the dangerous condition on Krueger Road. Although Vasquez alleged the dangerous condition was that Krueger Road was dilapidated and covered with potholes, bumps, crevices, and dirt, Vasquez stated at oral argument she was not arguing appellees had a duty to reconstruct the road. Instead, Vasquez argued appellees had a duty to repair by "taking a water truck down the road once a day" and a duty to erect warning signs along Krueger Road.

However, a duty to repair or warn of a dangerous condition on a premises generally does not extend to those who do not own, possess, or control the premises. *See Allen Keller Co. v. Foreman,* 343 S.W.3d 420, 426 (Tex.2011). Individuals who drive on public roads exercise a public right of access, but they do not own, possess, or control public roads. *See id.* at 425–26. In *Allen Keller Co. v. Foreman,* the supreme court held that a contractor who created a dangerous condition on a public road had no duty to repair or warn of a dangerous condition. *Id.* The supreme court rejected the argument that the contractor had a duty to warn drivers because

the contractor "did not own the property or the highway right-of-way, and was not in a position to erect permanent signs or other devices to warn the public of the [condition]." *Id.* The supreme court also rejected the argument that the contractor had a duty to repair the dangerous condition, in part, "because [the contractor] did not own the property, [and] it was not in a position to make decisions about how to make the premises safe." *Id.* at 426. Generally, the same is true of drivers who use public roads.

Furthermore, *Buchanan* is not controlling because the supreme court therein held that the defendant driver had no legal duty to warn other drivers. 138 Tex. at 392–93, 159 S.W.2d 109. The supreme court explained that, in other cases with different facts, a driver would have the duty to warn other drivers of a dangerous condition that the driver created, even if the condition was not negligently created. *See id.* at 391–92, 159 S.W.2d 109, 110. This discussion was dicta, and the laws and standards for road safety have significantly changed since the early 1940s. The supreme court's much-more-recent holdings in *Allen Keller Co.* and in *Austin* further limit the persuasiveness of *Buchanan*'s dicta.

### Conclusion

We need not decide in this case what the "something" is, if anything, appellees had a duty to do. Vasquez argues that appellees had a duty to take water trucks up and down Krueger Road or to warn other drivers by erecting signs in the public right of way. Here, they do not. Vasquez's cause of action sounds exclusively in premises liability under *Austin*. Under *Allen Keller Co.,* a premises-liability duty to repair or warn about a dangerous condition on a public road does not extend to an individual who does not own, possess, or control

the road, even if the individual created the dangerous condition. Because we must take as true Vasquez's allegation that appellees created the dangerous condition on Krueger Road, the manner in which appellees created the dangerous condition is not relevant to whether appellees owed a legal duty to repair or warn if appellees did not own, possess, or control Krueger Road. Permitting Vasquez to conduct additional discovery to develop facts about *how* appellees created the dangerous condition on Krueger Road would therefore defeat Rule 91a's purposes and would not place Vasquez in any better of a position to allege facts that appellees owned, possessed, or controlled Krueger Road or establish her entitlement to the relief sought.

Rebeca C. Martinez, Justice, dissenting

I disagree that Laura's pleadings entirely fail to assert the basis of a claim of negligence against Appellees. Laura's pleadings contain an assertion that Appellees knew they created a dangerous condition on Krueger Road, yet failed to provide any warning to other drivers, including José. Thus, I believe that Laura has—for purposes of surviving a Rule 91a motion to dismiss—sufficiently alleged that a duty was imposed on Appellees to warn fellow travelers of the dangerous condition they created by their negligent conduct on Krueger Road. Accordingly, I respectfully dissent.

"Rule 91a is unique, an animal unlike any other in its particulars." *Wooley v. Schaffer*, 447 S.W.3d 71, 84 (Tex.App.–Houston [14th Dist.] 2014, pet. denied) (Frost, J., concurring). Rule 91a allows a party to move to dismiss a baseless cause of action on the grounds that it has no basis in law or fact. Tex.R. Civ. P. 91a.1. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from

them, do not entitle the claimant to the relief sought." *Id.* Unlike a plea to the jurisdiction or a motion for summary judgment, the trial court must decide the motion based *solely on the pleading* of the cause of action, together with any pleading exhibits permitted by Rule 59. *Id.* R. 91a.6 (emphasis added).

The determination of whether a cause of action has any basis in law is a legal question that this court reviews de novo, based purely on the allegations of the live petition and any attachments thereto. *Wooley,* 447 S.W.3d at 73–77. In conducting our review, "we must construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact." *Id.* at 76.

Laura's First Amended Petition asserted three causes of action: (1) negligent use and operation of vehicles, (2) negligent operation of business, and (3) gross negligence. As to each, Laura alleged the following facts in her petition: Appellees, as owner or operators of oil or gas wells in the area around Krueger Road in La Salle County, had knowledge of the following before they began operating the wells: it takes almost 1,200 loaded trucks to bring one oil or gas well into production; over 350 trucks are required per year for maintenance of an oil or gas well; and almost 1,000 trucks are needed every five years to re-fracture a well. Appellees sent numerous loaded and unloaded trucks up and down Krueger Road on a daily basis to operate and service the wells, and Appellees created a dangerous condition on Krueger Road because they knew the county could not repair the road as fast as Appellees destroyed it. Even though Appellees created a dangerous condition, they failed to fix the road, and/or provide any warnings to drivers on Krueger Road. On August 4, 2012, José Vasquez was operating a vehicle on Krueger Road when a cloud of dust caused him to lose sight of the road. The cloud of dust was caused by the dangerous condition of the road and the negligent driving of a Lewis Energy truck traveling immediately in front of José. Because of the dilapidated and dangerous condition of the road, it was impossible for José to see where the road was; he drove into a ditch which caused his vehicle to flip over. He died as a result of the incident.

As to both her negligent use and operation of vehicles cause of action and her negligent operation of business cause of action, Laura asserted that "Defendants knew they created a dangerous condition and failed to fix the road, failed to attempt to prevent injuries, and failed to provide any warnings to drivers on Krueger Road, such as José Vasquez."

The Rule 91a motion to dismiss asserted Laura's negligence claims had no basis in law because Appellees owed no legal duty to José. *See* TEX.R. CIV. P. 91a.1; 91a.2. The trial court granted the Rule 91a motion "on the grounds Plaintiff's Cause of Action has no basis in law." A cause of action for negligence requires three elements: a legal duty owed by one person to another, a breach of that duty, and damages proximately caused by the breach. *See, e.g., D. Houston, Inc. v. Love,* 92 S.W.3d 450, 454 (Tex.2002). The majority agrees that Appellees owed no legal duty to warn of any dangerous condition on Krueger Road. The majority, however, fails to restrict its analysis solely to the face of Laura's pleadings. Instead, the majority opinion is burdened by an incorrect premise that a plaintiff must plead facts to "establish" and "support" its claims with "proof" to sufficiently state the essential elements of a claim, and it necessarily ignores the assertion we must take

as true—that Appellees knew their negligent conduct caused a dangerous condition on Krueger Road. This may be because the majority relies heavily on case law that predates the enactment of Rules 91[1] and 91a, as well as Rule 78[2], and that involves judgments where appellate review is based on evidence supporting an allegation of "duty." There is no authority cited that supports a determination that the pleadings before us in this case fail to assert a cognizable claim, or that additional factual allegations are required to "*support* the existence of a legal duty.*"

Here, the proper question is whether the negligence causes of action, taking as true the factual allegations as pled by Laura, along with all reasonable inferences drawn from them, would entitle Laura to the relief sought. *See* TEX.R. CIV. P. 91a.1. I believe they do.

The Texas Supreme Court has held that: [I]f one by his own acts, although without negligence on his part, creates a dangerous situation in or along a public way and it reasonably appears that another in the lawful use of such way in the exercise of ordinary care for his own safety may be injured by the dangerous situation so created, the one creating the same must give warning of the danger or be responsible for the consequences.

*Buchanan v. Rose,* 138 Tex. 390, 159 S.W.2d 109, 110 (Tex.1942).[3] Thus, a duty to warn may be imposed where one has created a dangerous situation on a public road and it reasonably appears or should appear to him that others may be injured thereby. *See id.* It must therefore be determined whether Laura's pleadings allege that (1) Appellees knew they created a dangerous situation on Krueger Road and (2) "it reasonably appear[ed]" to Appellees that fellow travelers would· be injured by the dangerous situation created on Krueger Road. If so, she has sufficiently pled that Appellees owed a duty to warn of the dangerous condition they created on Krueger Road.

Turning to Laura's pleadings, and taking the factual assertions contained therein as true, she alleges that Appellees knew Krueger Road was dangerous because their vehicles were destroying the road. As to her negligent use and operation of vehicles claim, Laura alleges that Appellees operated heavy and potentially overweight vehicles at a high rate of speed on a road that they knew could not handle such traffic and that they knew was being destroyed faster than the county could repair it. As to her negligent operation of business claim, she further alleges that in addi-

---

1. A "defect, omission, obscurity, duplicity, generality, or other insufficiency in the allegations in the pleading" may be excepted to. *See* TEX. R. CIV. P. 91 ("particularity" no longer required) (enacted 1941).

2. The source of Rule 78 is District and County Court Rule 3, which omitted "to enable the plaintiff to state all the facts presenting his cause of action, and such other facts as may be required to rebut the facts that may be stated in the original and supplemental petitions as pleaded by the defendant," at the end of first sentence. *See* TEX. R. CIV. P. 78.

3. The majority relies heavily on *Buchanan* and *Grapotte v. Adams,* 130 Tex. 587, 111

S.W.2d 690 (Tex.1938), despite each case seeking review of evidence supporting a final judgment and involving a defendant alleged to be acting *without* negligence or knowledge of having *created* a dangerous condition. No cited case by the majority offers any instruction regarding the pleading requirements in asserting a cognizable claim to avoid dismissal under Rule 91a. Reading the Rules in context, I do not believe a Rule 91a motion to dismiss is a proper vehicle to attack the sufficiency of pleadings at the initial stages of suit but, instead, is the procedure available to dismiss a groundless action lacking a basis in law regardless of the facts asserted to support it.

tion to negligently operating their own vehicles on Krueger Road, Appellees also hired, commissioned, contracted, and required vehicles operated by other companies and individuals to use Krueger Road knowing these vehicles would cause further damage to Krueger Road. Both causes of action contain assertions that Appellees knew their conduct created a dangerous condition—including potholes, bumps, crevices, and no markings left to determine the proper lanes of travel—on Krueger Road. In addition, Laura alleged that Appellees failed to provide any warnings of the dangerous condition they created "to drivers on Krueger Road, such as José Vasquez." Pursuant to Rule 91a, we may reasonably infer that it reasonably appeared or should have appeared to Appellees that fellow travelers, including José, would be injured by the dangerous situation they created on Krueger Road. Accordingly, Laura's pleadings alleged sufficient facts to support each essential element of her negligence causes of action.[4]

Because Appellees only attacked the gross negligence claim on the basis that no legal duty was owed, and I have concluded that the pleadings sufficiently allege that a duty was in fact owed by Appellees, I would hold that the gross negligence claim is likewise viable. Thus, Laura has sufficiently alleged facts that would entitle her to the relief sought under all three causes of action asserted in her First Amended Petition. Whether the evidence later proves or negates any essential element of a cause of action, as asserted, is a question for another day. It is not this court's role, in reviewing the granting of a Rule 91a motion, to determine prematurely the mer-

*its* of an alleged cause of action, but rather to recognize the *foundation* of one.

Accordingly, I believe the trial court erred in granting the Rule 91a motion to dismiss in its entirety, and I would reverse the judgment of the trial court and remand the case for further proceedings.

---

4. Appellees do not challenge on appeal the remaining negligence elements. Nonetheless, Laura has sufficiently alleged that Appellees breached the duty owed "by negligently using and operating their vehicles on Krueger Road

in such a manner as to cause the road to become dangerous. This breach of [Appellees'] legal duty caused Plaintiffs' injuries and damages."