# NO. 12-18-00224-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MICHAEL CALHOUN & SHAI CALHOUN, APPELLANTS* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *I-20 TEAM REAL ESTATE, LLC., APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Michael Calhoun and Shae Calhoun appeal the dismissal of their negligence claim against I-20 Team Real Estate, LLC (I-20 Team). In one issue, Appellants argue the trial court erred by granting I-20 Team's Rule 91a motion to dismiss because Appellants' petition sufficiently alleged a negligence cause of action against I-20 Team. We reverse and remand.

## BACKGROUND

In 2015, Appellants decided to relocate to the Tyler, Texas, area from Oklahoma. Being first time home buyers, Appellants retained Melissa Terry, a licensed real estate agent with I-20 Team, to assist them in the purchase of a home in Tyler. In that capacity, Terry accompanied Appellants to a property listed by Rose Capital Realty, Inc. (Rose Capital) in September 2015.

During the visit, Terry provided Appellants a copy of the sellers' disclosure notice which indicated "yes" to "previous flooding into the structures," but did not provide the required explanation. Terry did not alert Appellants that the sellers were required to provide an explanation which would have informed them as to the source of the water that caused previous flooding into the structure. Appellants were unaware an explanation was required or that it was improper for an explanation to be omitted. The disclosure indicated a "no" answer to "previous flooding onto the property" and "water penetration." Further, the boxes for the following items were not checked

on the disclosure: (1) improper drainage, (2) present flood insurance, (3) located in a hundred year flood plain, or (4) located in floodway.

Because Rose Capital did not provide complete information regarding past flooding, Appellants could not determine whether the previous flooding indicated on the disclosure was the result of water intrusion into the home from outside or from a condition within the home itself. Because I-20 Team did not tell Appellants that an explanation for the previous flooding was required, they made no further inquiry as to the source of the water before agreeing to purchase the home.

During a subsequent inspection, water markings were found in a crawlspace near the water heater. The inspector opined that the previous flooding referred to on the disclosure was likely referring to those water markings, which he deduced came from a leaking water line. Appellants accepted the inspector's opinion because Rose Capital failed to provide an explanation for the previous flooding and I-20 Team did not tell Appellants that an explanation was required. As a result, Appellants decided to purchase the home in October 2015.

Shortly after Appellants purchased the home, the area received heavy rainfall. During this period, Appellants experienced water intrusion into the first floor of the home causing substantial damage to the home's structures and Appellants' personal belongings. Subsequent water intrusions during rainfall occurred in the following months. As a result, Appellants discovered that the home had inadequate drainage to prevent water from entering the home during normal rainfall. Appellants later learned that the home had had experienced flooding due to inadequate drainage for years and had sustained damage from water intrusion on previous occasions.

Appellants sent a demand letter to the sellers for damages based on the sellers' failure to disclose the water damage and flooding issues. The sellers responded to the demand letter and acknowledged the previous flooding and water damage. However, the sellers disavowed any wrongdoing, and stated that they fully disclosed the information to Rose Capital, and instructed Rose Capital to disclose the information. According to the sellers, Rose Capital completed the disclosure form and intentionally withheld the information, other than indicating "yes" to the question regarding "previous flooding into the structures."

Appellants sued Rose Capital for violations of the DTPA, statutory and common law fraud, fraud by nondisclosure, negligence, and negligent misrepresentation. Appellants also sued I-20 Team for negligently failing to advise them that the sellers' disclosure was deficient.

I-20 Team moved to dismiss the suit pursuant to Texas Rule of Civil Procedure 91a, alleging that Appellants' claims had no basis in law.  The trial court granted the motion, and this appeal followed.

## DISMISSAL PURSUANT TO RULE 91A

In Appellants' first issue, they argue the trial court erred in granting I-20 Team's motion to dismiss because Appellants' pleadings sufficiently alleged a negligence claim against I-20 Team.

### Standard of Review and Applicable Law

Rule 91a provides that "a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact."  TEX. R. CIV. P. 91a.1.  Dismissal is appropriate under Rule 91a "if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle a claimant to the relief sought…[or] no reasonable person could believe the facts pleaded."  *Id*. Evidence is not considered when a trial court rules on a Rule 91a motion.  TEX. R. CIV. P. 91a.6. To the contrary, a trial court looks only to the "pleading of the cause of action, together with any pleading exhibits."  *Id.*  The trial court construes the pleadings liberally in favor of the plaintiff, looks to the pleader's intent, and accepts the plaintiff's factual allegations as true; and, if needed, draws reasonable inferences from the factual allegations to determine if the cause of action has basis in law or fact.  TEX. R. CIV. P. 91a. 1.; *see, e.g., **Vasquez v. Legend Nat. Gas III, LP***, 492 S.W.3d 448, 450 (Tex. App.—San Antonio 2016, pet. denied).  We review the merits of a Rule 91a motion de novo because the availability of the remedy under the facts alleged is a question of law and the rule's factual plausibility standard is equivalent to a legal sufficiency review.  ***City of Dallas v. Sanchez***, 494 S.W.3d 722, 724 (Tex. 2016).

Negligence claims require the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach.  ***Gharda USA, Inc. v. Control Sols., Inc.***, 464 S.W.3d 338, 352 (Tex. 2015).  To establish such a claim, the plaintiff must show the defendant's acts or omissions were a proximate cause of his damages.  *See **Greater Houston Transp. Co. v. Phillips***, 801 S.W.2d 523, 525 (Tex. 1990).  There may be more than one proximate cause.  *See **Lee Lewis Constr., Inc. v. Harrison***, 70 S.W.3d 778, 784 (Tex. 2001).

The two elements of proximate cause are cause in fact and foreseeability.  ***City of Gladewater v. Pike***, 727 S.W.2d 514, 517 (Tex. 1987).  "Cause in fact" means that the act or

omission was a substantial factor in bringing about the injury, and without it, the harm would not have occurred. *Id.* "Foreseeability" requires that the actor, as a person of ordinary intelligence, would have anticipated the danger that his negligent act created for others. *Id.* The test for foreseeability is whether the defendant, as a person of ordinary intelligence and prudence, should have anticipated the danger to others created by his act, although he is not required to anticipate just how the injuries will arise. *Brown v. Edwards Transfer Co.*, 764 S.W.2d 220, 223 (Tex. 1988).

## The Pleadings and Motion to Dismiss

Appellants' petition alleges that I-20 Team, as Appellants' broker, had a legal duty to use reasonable care and diligence in its representation of Appellants in the purchase of the property. Appellants allege that I-20 Team was obligated to use "its superior skill and knowledge to discover facts that a reasonable and prudent real estate agent is expected to investigate for its clients." Appellants allege that I-20 Team breached this duty

> by failing to discover facts concerning the [P]roperty's and [H]ome's flooding history when reviewing the [S]eller's [D]isclosure [N]otice and seeing that the sellers marked "[Y]es" for "[P]revious [F]looding into the [S]tructures" yet failed to provide the required explanation. I-20 Team also breached its fiduciary duty by failing to advise Plaintiffs that the [S]eller's [D]isclosure [N]otice was improperly filled out.

With respect to proximate cause, Appellants alleged that

> had…[Appellants] known the history of the Property's and Home's flooding, they would not have purchased the [P]roperty. Had [they] been advised that the [S]eller's [D]isclsoure [N]otice was improperly filled out, they would have inquired into the [P]roperty's and [H]ome's history of flooding and chosen not to purchase the [P]roperty.

I-20 Team moved to dismiss Appellants' negligence claim against it arguing that it has no basis in law. In their motion, I-20 Team argued that Appellants' failed to plead a legally cognizable claim because I-20 Team had no legal duty to inspect the property, and because Appellants' failed to establish that I-20 Team's acts or omissions proximately caused Appellants' damages.

## Analysis

I-20 Team argues, in part, that the trial court properly granted its Rule 91a motion to dismiss because I-20 Team had no duty to inspect the property prior to Appellants' purchase of the property. However, Appellants' pleadings make clear that they allege I-20 Team breached its

duty by failing to alert Appellants to the impropriety in the seller's disclosure, i.e. the sellers' failure to provide a written explanation in addition to answering "yes" to "previous flooding into the structures." *See* TEX. PROP. CODE ANN.§ 5.008(b)(4) (West Supp. 2018). At oral argument before this Court, I-20 Team conceded that it did, in fact, have a duty to alert Appellants to the sellers' failure to provide the required explanation. Therefore, we conclude that Appellants' pleadings sufficiently established the duty element of their negligence claim; thus, failure to establish a legal duty cannot support the order of dismissal.

I-20 Team also argues that the trial court properly granted its motion to dismiss because its acts or omissions did not proximately cause Appellants' damages. I-20 Team argues that its failure to alert Appellants to the impropriety in the sellers' disclosure was not a substantial factor in bringing about Appellants' damages. I-20 Team points out that Appellants' petition alleges that Appellants were led to believe, by the other answers on the sellers' disclosure and the inspection, that the "previous flooding into the structures" was the result of an internal defect. Thus, I-20 Team argues, no act or omission of I-20 Team proximately caused Appellants to form this belief.

But there may be more than one proximate cause of a plaintiff's damages. *Lee Lewis Constr., Inc.*, 70 S.W.3d at 784. Appellants alleged that Rose Capital proximately caused their damages by withholding information in the sellers' disclosure. However, Appellants also alleged that I-20 Team proximately caused their damages by failing to alert them that it was improper for the sellers to fail to provide a complete explanation in the disclosure in addition to checking "yes" to the question "previous flooding into the structures." Appellants allege that if I-20 Team had done so, they would have chosen not to purchase the home. We must accept all of Appellants' factual allegations as true. TEX. R. CIV. P. 91a.1; *see also Vasquez¸*492 S.W.3d at 450. In doing so, we must conclude that Appellants sufficiently alleged that I-20 Team's acts or omissions were a substantial factor in bringing about their damages, because had they not purchased the home, they would not have sustained damages. TEX. R. CIV. P. 91a.1; *see also Vasquez*, 492 S.W.3d at 450; *Pike*, 727 S.W.2d at 517.

I-20 Team further argues that the trial court correctly granted their motion to dismiss because Appellants' damages were not foreseeable:

> [N]o person of ordinary intelligence should have anticipated that the failure of providing an explanation regarding the "Yes" marking for "Previous Flooding into the Structures" on the Seller's Disclosure Notice, which was itself provided and reviewed by the Calhouns and caused the

Calhouns to hire a professional Inspector to perform an inspection of the Property, would cause the Calhouns to purchase the Property unaware of the extremely severe flooding alleged in the petition.

We disagree. Appellants were first time home buyers and had no reason to know that further explanation was legally required beyond simply checking "yes" on the disclosure for "previous flooding into the structures." Appellants hired I-20 Team to represent and assist them in the purchase of their home, and I-20 Team could reasonably have anticipated that their failure to alert Appellants to the sellers' failure to provide a complete explanation for the "previous flooding into the structures" would result in Appellants purchasing a home with an unknown and unanticipated defect that caused the previous flooding. *See Edwards Transfer Co.*, 764 S.W.2d at 223; *see also Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 551 (Tex. 1985).

Accordingly, because we conclude that Appellants' pleadings established duty and proximate cause, the grounds on which I-20 Team sought dismissal under Rule 91a, dismissal was inappropriate and the trial court erred by granting I-20 Team's Rule 91a motion to dismiss. *See* TEX. R. CIV. P. 91a.1. We sustain Appellants' sole issue.

## CONCLUSION

Having *sustained* Appellants' sole issue, we *reverse* the trial court's judgment dismissing Appellants' claim against I-20 Team, and we *remand* the case to the trial court for further proceedings consistent with this opinion, including a determination of attorney's fees to be awarded to Appellants.

GREG NEELEY
Justice

Opinion delivered February 6, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 6, 2019**

**NO. 12-18-00224-CV**

**MICHAEL CALHOUN & SHAI CALHOUN,**
Appellant
V.
**I-20 TEAM REAL ESTATE, LLC.,**
Appellee

Appeal from the County Court at Law

of Smith County, Texas (Tr.Ct.No. 68617)

THIS CAUSE came to be heard on the oral arguments, appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment be **reversed** and the cause **remanded** to the trial court **for further proceedings** consistent with this opinion, including a determination of attorney's fees to be awarded to Appellants, and that all costs of this appeal are hereby adjudged against the Appellee, **I-20 TEAM REAL ESTATE, LLC,** in accordance with the opinion of this court; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*